EDWARD W. CURTISS, Appellant, v. MARY C. DRIGGS, Respondent.

### St. Louis Court of Appeals, March 22, 1887.

1. SALES ON TRIAL.—A sale on trial becomes absolute, if the property is not returned at the expiration of the time limited for trial.

2. INSTRUCTIONS — CONFLICT OF EVIDENCE.—An instruction which assumes that property was returned within the time limited, is properly refused, where the evidence as to the fact is conflicting.

3. PRACTICE—VERDICT.—A verdict for the defendant will be set aside,

where the admitted facts entitle the plaintiff to a judgment for any sum, however small,

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and judgment.*

WARWICK M. HOUGH, for the appellant: The testimony of the defendant establishes a sale on trial, and the law applicable to sales on trial is applicable to this case. The defendant testified : "The price agreed upon was twenty dollars apiece, or forty dollars for the two, if I' decided to keep them." *Quin v. Stout,* 31 Mo. 161 ; *Prairie Farmer Co. v. Taylor,* 69 Ill. 440 ; *Kahn v. Flabunde,* 50 Wis. 235 ; *Hunt v. Wyman,* 100 Mass. 198 ; *Gibson v. Vail,* 53 Vt. 476. The failure to return the goods, within the time specified for trial, makes the sale absolute. Benj. on Sales (4 Am. Ed.) sect. 595 ; Story on Sales (4 Ed.) sect. 250 ; *Humphries v. Carvolho,* 15 East, 45 ; *Ellis v. Mortimer,* 1 B. & P. N. R. 257. Where there is no conflict in regard to facts, the court is warranted in assuming them to be true, and instructing the jury accordingly, nor does the fact that the instruction assumes that the lights were not returned at the expiration of the time allowed for trial, vitiate the instruction for the same reason. *Scarritt v. Honig,* 8 Mo. App. 559 ; *Mansfield v. Pollock,* 74 Mo. 185 ; *Hall v. Railroad,* 74 Mo. 298; *Barr v. Armstrong,* 56 Mo. 577 ; *Caldwell v. Stephens,* 57 Mo. 589. The plaintiff was entitled to an instruction, declaring the legal effect of the testimony of the defendant, conceding it to be true. The court should declare the law arising upon a given state of facts testified to by either party. *Glass v. Gelvin,* 80 Mo. 297 ; *Williams v. Gray,* 39 Mo. 201 ; *Hatch v. Bayley,* 12 Cush. 29 ; *Freight and Cotton Press Co. v. Standard,* 44 Mo. 71.

FORD SMITH, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover forty-one dollars, the alleged contract price of two six light cluster fixtures, at twenty dollars each, and eight pounds carbon, at twelve and one-half cents per pound, alleged to have been sold by the plaintiff to the defendant. The action was instituted before a justice of the peace, and outside of the plaintiff's statement, which claims an absolute sale of the lights, on October 8, and a sale of the carbon October 29, there are no pleadings.

The plaintiff, by his evidence, as well as by his statement, claims an absolute sale of these articles to the defendant, at the date stated, and the court instructed the jury in his behalf, that, if they found such sale to have been made, to find for him for the price of the articles. The defendant claimed, by testimony adduced in her behalf, that the sale was a sale on trial, and that, the lights proving unsatisfactory, she returned them to the plaintiff, prior to the expiration of the trial time, and he refused to receive them, whereupon she left them at another place, subject to his orders.

According to the defendant's evidence, the trial time originally set expired October 24. There was some evidence adduced that, prior to that time, the defendant left word at the plaintiff's place of business, he being sick at home, to take the lights away; that thereafter, October 29, the plaintiff called upon the defendant, requesting her to give the lights another week's trial. There was also evidence tending to show that, prior to the expiration of this additional week, the lights were taken down, and at once returned to the plaintiff, who refused to receive them, or had no one at his place of business to receive them. While the evidence is not clear and exact, as to dates, some of the witnesses testifying to occurrences as happening about a certain day,

there was sufficient evidence to make the proposition fairly debatable, whether, assuming that the sale was one on trial, the defendant had refused to consummate it prior to the expiration of the time of trial.

The jury, under the instructions of the court, found for the defendant, and, by their verdict, negatived the proposition that the sale was an absolute sale, as claimed by the plaintiff, and the plaintiff's main complaint on this appeal is, that the court refused the following instructions asked by him :

"3.  The court instructs the jury that, though they may believe from the evidence that the lights were sold on trial, yet, as the facts in the evidence do not constitute a return of the lights, the sale thereby became absolute, and they must find for the plaintiff for the value of the lights, as set forth in the petition.

"4.  The court instructs the jury that, though they may believe from the evidence that the lights were sold on trial, and that they were returned, yet, as they were not returned at the expiration of the time agreed upon for a trial, the sale thereby became absolute, and they must find for the plaintiff for the value of the lights, as set forth in the petition.

"5.  The court instructs the jury that, under the law and the evidence, they must find for the plaintiff for the value of the lights and the carbon, as set forth in the petition."

It will be noticed that these three instructions, though different in form, are three separate demurrers to the defendant's evidence.  It results that they were properly refused, if there was any substantial evidence offered by the defendant tending to establish her defence.  That there was such evidence, we have shown herein above.

The proposition of law, contended for by the plaintiff, that a sale on trial becomes absolute, unless the vendee elects to return the goods prior to the expiration of the time of trial, is not controverted.  Whether, un-

der the circumstances of this case, it was the vendee's duty to tender the goods at the plaintiff's place of business, or whether a notice that they were subject to his order, at the vendee's place of business, was sufficient, is debatable, but, assuming that it was her duty to return the goods at the vendor's place of business, there is some evidence that she did so timely. It was the vendor's duty to have some one, during usual business hours, at his place of business, to attend to it, and not the vendee's duty to hunt for him at other places to make a personal tender. An instruction can properly assume only admitted facts, and not such as are controverted, however much the testimony may preponderate in favor of the proposition assumed.

The court, of its own motion, gave the following instruction:

"The court instructs the jury that, if they believe from the evidence that the plaintiff delivered, and the defendant, or her agent, at her place of business, on or about the twenty-ninth of October, 1885, received, one dollar's worth of carbon, and that the defendant has not returned the same, or paid therefor, to the plaintiff, then he is entitled to recover the value thereof, or of so much thereof as the defendant used."

This instruction was given in lieu of an instruction asked by the plaintiff, and states a correct proposition of law, as applied to the facts of this case. Whatever may be said in regard to the lights, the testimony as to the carbon admits of no doubt. The sale of that could not be a sale on trial, at least not to the extent of such parts as were actually consumed. The defendant admits that she has consumed one-half. To the extent of fifty cents, therefore, the verdict is contrary to the admitted facts, and contrary to the instructions of the court.

While the amount seems trivial, it is sufficient to carry costs, which the plaintiff is clearly entitled to, and

which the defendant might have saved by a timely tender.

The judgment will be reversed, and judgment entered in this court for the plaintiff, for fifty cents and costs. Lewis, P. J., concurs ; Thompson, J., dissents.