EZEKIEL TUCKER v. SUSANNAH PRESTON.

*Assumpsit on a quantum meruit for Work. Interest.*

1. Assumpsit on a *quantum meruit* will lie to recover what one's services are reasonably worth, where the parties supposed that they had entered into a contract in regard to compensation, but, through a failure to understand each other, their minds never met.

2. In an action to recover for labor extending through several years, where there is no express contract as to compensation, there is no error in allowing interest on the balance due at the end of each year, if this was the method of ascertaining the sum due; and in such case the question of demand does not arise.

ASSUMPSIT in general counts. Heard on a referee's report, December Term, 1886, WALKER, J., presiding. Judgment for the plaintiff. Affirmed.

The referee found that the action was assumpsit, and that the plaintiff filed a specification, to which the defendant pleaded the general issue and offset with specification, but defendant also claimed that plaintiff had no cause of action ; that plaintiff in 1878 was sixty-two or sixty-three years old, and defendant an aged widow lady ; that plaintiff worked as a laborer for the defendant on her farm at her request from March, 1878, to July, 1885 ; that the plaintiff claimed there was no special agreement as to what he should receive for his services, but that, in the January following the commencement of his work, they had some talk about that matter, and that defendant then said to him she wanted him to stay with her as long as she lived ; that she would give him a home as long as she lived, and if he outlived her he was to have her property.

The defendant claimed that plaintiff's residence with and services for defendant were by virtue of a verbal contract by

which both parties understood and agreed that the plaintiff was to have a home with her during his lifetime, rendering such service as he was capable of, and receiving from her such care, attention, nursing, food, and clothing as he required; that the plaintiff had no reason to be dissatisfied with her performance of her part of the contract; that, for all the services rendered during the entire period of the plaintiff's residence with the defendant, his board, clot ing, care, etc., with payment of his taxes, and the privilege he exercised of working elsewhere and retaining the pay he might receive, were a fair compensation.

Both parties substantially agreed as to what the talk was in the January after the plaintiff went to the defendant's, except that the defendant denies that anything was said about her property if he outlived her.

The referee's finding continued:

" I find that the plaintiff worked for defendant from March 1, 1878, to the following January, with no understanding or agreement as to what he was to receive for his services; that thereafter he supposed and believed he was working and making his home with the defendant under the agreement which was then made, as he understands it, and now claims it to be; and I find that the defendant supposed and believed that he was thereafter working for her and making his home with her under the agreement as she then understood it and now claims it to have been. I therefore find that in fact there was really no mutual contract or understanding between them. I further find that the plaintiff left the defendant because he supposed and believed from reports, and her acts and hints to him, that she wanted to get rid of him, and that if he did not leave she would throw him on the town; and, from the evidence and the circumstances in the case, I find the fact that he had good reason to believe that the defendant wanted to get rid of him and he had good reason to believe that, unless he went away from the defendant, she would throw him on the town for his future support.

" It further appeared that the defendant's grandson, who had lived with his grandmother all the while the plaintiff was there, having arrived at the age of twenty-two or twenty-

Tucker *v.* Preston.

three years, went to Mr. Haywood, one of the selectmen of Tunbridge and acting as one of the overseers of the poor for said town, a short time before the plaintiff left defendant, and said that something had got to be done ; they had kept him (the plaintiff) about as long as they could, for the reason that he was blind, and that his grandmother was going away soon ; and in consequence of this application, Mr. Haywood, acting in the capacity of overseer of the poor for the town of Tunbridge, made some effort to inquire into the affairs of the plaintiff.

" The defendant claims that this application to the overseer of the poor by her grandson was not authorized by her, and that her grandson never knew, until after this application was made, by what understanding the plaintiff was staying with the defendant, and it did not appear that he did know. It did appear that the defendant made no effort to quiet the mind of the plaintiff or allay his suspicions in the matter, and that the plaintiff never said anything to the defendant about it.

" If from the foregoing facts the plaintiff can recover, then I find that his services for the defendant for the first three years, or from March 1, 1878, to March 1, 1881, were reasonably worth $50 per year—$150, * * * to which should be added the balance of interest reckoned to December 21, 1886, of (if the plaintiff is entitled to interest) $71.16."

*W. B. C. Stickney*, for the defendant.

If the contract had been as the plaintiff claimed—that he was to have her property if he survived defendant—the case seems analogous to that of service rendered in expectation of a legacy, and there could be no recovery. *Martin* v. *Wright*, 13 Wend. 460 ; *Raynor* v. *Robinson*, 36 Barb. 130.

It does not appear that the defendant understood that plaintiff was mistaken as to the contract, or that she would have been unwilling to carry it out. She should have had an opportunity to exercise her option. *Scott* v. *Littledale*, 27 L. J. Q. B. 201.

It does not appear that she has violated any part of what the plaintiff understood was agreed ; or that his mistake would

work any injury. If it would, the remedy would be in equity. 1 Story, Eq. Jurisp. s. 140.

The ground of abandonment was the alleged refusal to fulfill; and the plaintiff should show that the refusal was absolute and unqualified. *Cutter* v. *Powell*, 2 Smith, Lead. Cas. 30, n.

The services were given under mutual mistake, and defendant is not liable to pay money. Add. Cont. s. 31; *Lunay* v. *Vantyne*, 40 Vt. 501.

In an implied contract, the law supplies that which is presumed to have been intended by the parties. 1 Wait, Act. & Def. p. 73, s. 4; *Watson* v. *Stever*, 25 Mich. 386.

The defendant has fulfilled the supposed agreement, except the conditional part, and the condition has not arisen. *Munro* v. *Butt*, 8 El. & Bl. 738.

The plaintiff is not entitled to interest. *Brainerd* v. *Champlain Transp. Co.* 29 Vt. 154; 1 Am. Lead. Cas. 623, n.

A demand was necessary. *Case* v. *Osborn*, 60 How. Pr. 187; *Newell* v. *Keith*, 11 Vt. 214.

*D. C. Denison & Son*, for the plaintiff.

There was no express contract between the parties; therefore the whole case rests on the implied contract for work and labor. *Paddock* v. *Kittredge*, 31 Vt. 378.

The opinion of the court was delivered by

Ross, J. The result of the facts found by the referee is that the plaintiff went to work for the defendant at her request, worked nearly a year without any special agreement in regard to the compensation which he was to receive, or when it was to be paid; then the parties supposed they had entered into a permanent contract in regard to his services, past and future, but by failure to understand each other, their minds never met, and the plaintiff continued to work several years for the defendant. This leaves the plaintiff's entire work, performed at the defendant's request, without any agreement in regard to

Tucker *v.* Preston.

compensation or payment. He can therefore recover for it in assumpsit on *quantum meruit.* The referee has found how much the plaintiff's services thus performed were reasonably worth, and how much he had received in payment. The defendant contends that the referee has allowed too much interest, if the plaintiff is allowed to recover. We do not think this contention can be maintained. The referee in determining what would be a reasonable compensation for the plaintiff's services found a certain sum due the plaintiff yearly, and diminished this sum by whatever he had received in payment, and allowed interest on the balance from the end of the year. This was his method of ascertaining the sum which the plaintiff reasonably deserved to receive as compensation for his services for the plaintiff. No question of a demand, or the necessity of a demand, before the allowance of interest, arises upon the facts reported by the referee. His method of ascertaining the sum which the plaintiff reasonably deserves to receive as compensation for his services makes the interest on the balance due yearly a part of the sum total as much as the yearly balances.

The judgment is affirmed.