T. P. Davidson, Appellant, v. Gottlieb Biermann, Respondent.

St. Louis Court of Appeals, November 8, 1887.

1. Bills of Exception — Appellate Practice — Instructions. Where the record recites evidence in detail and then says that there was other evidence tending to support the instructions, the only question arising on the instructions is, whether they correctly declare the law as applied to the hypothetical facts stated in them.

2. Contracts—Express and Implied—Building.—Generally there can be no recovery on an implied contract contrary to the terms of an express contract.

3. Practice—Law Points, Raised How.—Law points arising upon the evidence must be saved by the asking of appropriate instructions.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed.*

Broadhead & Haeussler, for the appellant.

Mills & Flitcraft, for the respondent.

Rombauer, J., delivered the opinion of the court. This action is one to recover for medical services rendered by the plaintiff in treating the defendant's wife, and for money paid at her request for medicines, and was instituted before a justice of the peace. The defendant claimed, by his evidence, that the treatment was rendered under a special contract, by which payment was made dependent upon the patient's recovery, and that the patient died. There was substantial evidence (preserved in detail in the bill of exceptions) in support of the defence, and in addition thereto, as the bill re-

cites, "other evidence in detail tending to support the instructions of the court."

The only errors assigned are, that the court refused a proper instruction asked by the plaintiff, and gave erroneous instructions asked by the defendant, and that the verdict is opposed to the uncontroverted evidence.

As it is evident, under the recitals in the bill of exceptions, that there was, besides the evidence set out in detail in the bill, other evidence tending to support the instructions of the court, the question whether the defendant's instructions were predicated upon sufficient evidence must be laid out of view. The only point which we can consider in connection with that branch of the case is, whether the declarations of law contained in them, as applicable to the hypothetical facts therein stated, are erroneous.

The plaintiff asked the following instruction which the court refused :

"The court instructs the jury that, even though they should find, from the evidence, that the plaintiff had said he would charge nothing if he did not cure, still, unless they should further find that there was no amount agreed to be paid in case the patient was cured, then their verdict should be for the plaintiff for such sum as they believe, from the evidence, is a fair and reasonable charge for said services."

The plaintiff claims that the refusal of this instruction was error, because the plaintiff was entitled to recover, at all events, for the value of his services upon a *quantum meruit*. This is a misconception of the law. A person can not recover on an implied contract when there is an express contract in force. *Christy v. Price,* 7 Mo. 433. Building contracts in this state form an exception to the general rule, which exception is based more on the necessities of the case than on any sound, legal principle. The mere fact that no compensation was agreed on under the express contract did not trans-

form the entire express contract into an implied one. Nothing could be implied contrary to the express agreement of the parties. The law could supply by implication only that which was not covered by the express agreement. If the defendant's testimony was true (and the jury so found), then the plaintiff was entitled to compensation only upon a contingency or condition, and it was incumbent upon him to show the fulfillment of such condition. If he failed to do so he can not recover.

The instructions given on behalf of the defendant contain correct propositions of law, except so much of the fourth as tells the jury what they may take into consideration in determining whether the plaintiff effected a cure. As the plaintiff did not claim that he had effected a cure, this error in the instruction was not prejudicial to him.

If the plaintiff desired to save the point which he now urges, that the medicines furnished by him at the request of the defendant's wife were no part of the treatment, and were not covered by the contract relied on by the defendant, he should have saved the question by asking an appropriate instruction, as was done in *Curtiss v. Driggs* (25 Mo. App. 175). Had he done so, and had the jury disregarded the law, the mere fact that the amount in controversy is trivial would not affect his legal right to have an erroneous judgment reversed.

As the record now stands, it is impossible to determine on what theory the jury found, all the more so, as the record discloses the fact that there was testimony in the case which is not before us. Under such circumstances, the presumption attaching to the correctness of the proceedings of the trial court demands the affirmance of its judgment.

The judgment is affirmed. All the judges concur.