CHARLES F. JOY, Respondent, v. PETER P. MANION, Appellant.

St. Louis Court of Appeals, November 22, 1887.

1. CORPORATIONS, BUSINESS—STOCKHOLDER'S CONTRACT.—A person who signs, unconditionally, articles of association of a business corporation with a number of shares set opposite his name, thereby agrees to take the shares and to pay to the persons named as managers fifty per cent. thereof as soon as the corporation shall be organized and before the articles shall be recorded.

2. —— —— PRINCIPAL AND AGENT.—A promoter of a corporation can not bind the corporation by any contract, made in obtaining a subscription, before the organization of the corporation.

3. —— —— RATIFICATION.—The corporation may, after its organization, ratify such a contract, and thus become bound by it, or it may receive the benefits of it and be thus estopped from denying its validity; but where neither of these facts appear, neither it nor its representatives become bound by such a contract.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

CAMPBELL & RYAN, for the appellant : A conditional subscription is valid, and unless the condition is performed there is no contract, and the subscriber can not be held to the liabilities of a stockholder. Thompson on Stockholders, sect. 116 ; *Chase v. Railroad*, 38 Ill. 215 ; *Railroad v. Boestler*, 15 Iowa, 555 ; *Jewett v. Railroad*, 10 Ind. 539 ; *Railroad v. Dunn*, 39 Me. 587, 595 ; *Railroad v. Hickman*, 28 Pa. St. 318, 327 ; *Edwards v. Railroad*, 1 Mylne & Craig, 650 ; *Pellat's Case*, 2 Ch. Div. 527, 536 ; *Ex parte Simpson*, 38 L. J. Ch. 88, and affirmed in 39 L. J. Ch. 121 ; *Ex parte Wood*, 28 L. J. Ch. 899. It is after the condition is performed that the liability of the stockholder matures and the subscription becomes a legal debt and may be assigned by it. Thompson on Stockholders, sect. 819. The assignee succeeds only to the rights of the assignor and is affected by all the equities against him. Burrill on Assignments, sect. 391 ; Thompson on Stockholders, sect. 142 ; *Lionberger v. Bank*, 10 Mo. App. 509 ; *Ins. Co. v. Adae*, 8 Fed. Rep. 106 ; *Roberts v. Corbin*, 26 Iowa, 315 ; *Walker v. Miller*, 11 Ala. 1067 ; *Hodgson v. Barrett*, 33 Ohio St. 63 ; *Morris' Appeal*, 88 Pa. St. 368, 379. And the prevailing rule is, that neither the assignee nor the creditors he represents are purchasers, for a valuable consideration without notice, as against prior equitable liens. Burrill on Assignments, 620. To permit an assignee of a corporation to recover funds which the corporation could not recover, he must show that he represents creditors who have an equitable right to be paid out of these funds. *McLean v. Eastman*, 21 Hun ; *Billings v. Robinson*, 94 N. Y. 415, 422. The acts and agreements of Selden as promoter of the company were binding on it. *Edwards v. Railroad*, 1 Mylne & Craig, 650.

FRANK M. ESTES and JOHN D. DAVIS, for the respondent : In a suit brought by an assignee against

stockholders, to recover the amount of their unpaid subscription, it is no defence that the stockholder was induced to become such by false and fraudulent representations made by the agent of a corporation. *Ogilvie v. Ins. Co.*, 22 How. 380; *Upton v. Tribilcock*, 91 U. S. 45; *Ins. Co. v. Floyd*, 74 Mo. 286; Thompson on Stockholders, sect. 150. When a subscription has been obtained by fraud, the injured party can have his subscription abrogated, except (1) where the subscriber has been guilty of negligence in informing himself of the actual facts; (2) where, in consequence of the delay in repudiating the contract, innocent third parties, creditors, have acquired rights which would be prejudiced by its rescission. Thomp. on Stock., sect. 120, *et seq.* The secret agreement set up by the appellant to defeat the respondent's action is against the policy of the law. *Haskell v. Sells*, 14 Mo. App. 91. Parol agreements, inconsistent with the terms of a written contract of subscription, are void, and evidence of them will not be received. Thomp. on Stock., sect. 121, and cases cited.

ROMBAUER, J., delivered the opinion of the court.

The defendant is sued on account of his subscription to the capital stock of the St. Louis Brick Company, an insolvent business corporation, organized under the laws of this state in October, 1883. The plaintiff is the assignee of the corporation and claims under a deed of general assignment for the benefit of creditors, made in February, 1884. The cause was tried by the court without the intervention of a jury, and the trial resulted in a judgment for the plaintiff for twelve hundred and fifty dollars, and interest, being the amount of fifty per cent. on the capital stock subscribed by the plaintiff.

The errors assigned are, that the petition fails to state a cause of action; that the court admitted illegal testimony; that it made erroneous declarations of law, and that the judgment on the evidence should have been for the defendant.

The petition states in substance the incorporation of

the plaintiff's assignor; that the defendant subscribed to twenty-five shares of its capital stock of the par value of one hundred dollars each, and agreed to pay fifty per cent. thereof forthwith; that he has refused to pay the same and it is still due; that, in February, 1884, the corporation made a general assignment for the benefit of its creditors; that the plaintiff is the present assignee, and that more than the amount sued for is required to liquidate the indebtedness of the corporation.

It will be thus seen that the petition does state a good cause of action. The objection made to it is, that it is founded on an instrument of writing which recites that the fifty per cent. sued for herein has been paid. As these facts do not appear on the face of the petition the objection, even if available, could not be taken by demurrer in any shape. Instruments of writing upon which a suit is founded, even if filed with the petition, do not constitute a part thereof, and can not be made the subject of demurrer. *Curry v. Lackey*, 35 Mo. 392; *Bowling v. McFarland*, 38 Mo. 467.

The assignment of error that the court admitted illegal evidence is not supported by any reference to the evidence thus admitted and will not be considered. *McKensie v. Railroad*, 24 Mo. App. 396.

Nor is it necessary to consider any alleged errors of the court in its declarations of law, as there is no conflict in the evidence, and the judgment of the court is a mere conclusion of law. The judgment in such a case must stand or fall by the determination of the law applicable to the conceded facts.

The answer of the defendant is a general denial. The affirmative defences attempted to be set up by the evidence were, that the subscription was conditional and never became absolute by a performance of the condition. Also, that the defendant had parted with his stock, if any he had, while the corporation was solvent, and prior to the institution of this suit. The first of these defences goes to show that the corporation, and the plaintiff, as its assignee, never had any cause of action

against the defendant, and evidence to substantiate it was admissible, under the general issue. But evidence to substantiate the second defence, even if the defence would have been available, was inadmissible, without special plea. *Northrup v. Insurance Co.*, 47 Mo. 435; *Kersey v. Garton*, 77 Mo. 645.

The facts shown are as follows: One Selden, a promoter of the corporation in question, solicited the defendant to become one of its corporators. The defendant agreed to do so, and to take twenty-five shares in the contemplated corporation, provided the corporation would agree to buy of him, machinery of the value of six thousand dollars, and pay to him the amount over and above his twenty-five hundred dollars subscription, in cash. To this arrangement Selden assented. Selden thereupon presented the articles of incorporation to the defendant, and the defendant subscribed the same for twenty-five shares. Two other persons signed the articles after the defendant, a number having signed before him. The articles were acknowledged and recorded, the defendant being named therein as one of the first board of directors.

The defendant testified that he was informed by Selden that the condition of the subscription was embodied in the paper presented to him, and that he never read it, but there is no evidence that the defendant was not, at the time when he signed the paper, fully aware that he was signing articles of incorporation, nor is there any condition attached to his subscription.

The corporation law of the state, so far as it bears on the subject under consideration, provides that the articles of association shall state, among other things, that all the capital stock " has been *bona fide* subscribed, and one-half thereof actually paid up in lawful money of the United States, and is in the custody of the persons named as the first board of directors and managers."

It can not be questioned that under the law the subscription, by any one, of articles of association for a cer-

tain number of shares is equivalent to a promise to pay one-half of the amount subscribed, upon the organization of the corporation, to its board of directors or managers. The payment should precede the recording of the articles, which is designed to give information to the public of the assets of the corporation formed, and invites credit on the basis of such statement. But the fact that the payment does not precede it can not absolve the subscriber from compliance with his promise.

The plaintiff, therefore, was justified to charge that the defendant had subscribed for twenty-five shares of the capital stock of the corporation and had promised to pay twelve hundred and fifty dollars, or one-half of the amount subscribed, to the company forthwith, as such was the legal effect of his subscription. The fact of such subscription is established by the production of the articles and the defendant's signature thereto for twenty-five shares of the par value of one hundred dollars each. As this was a written promise, absolute on its face, and purporting to be complete, it is, to say the least, questionable whether the defendant could transform it into a conditional promise by proof of an oral agreement to that effect, entered into contemporaneously between himself and the corporation. *James v. Clough*, 25 Mo. App. 147, and cases cited; *National Bank v. Hunt*, 25 Mo. App. 175. It is needless to discuss that proposition, however, as a careful examination of the record fails to disclose any evidence tending to show any other contract between the defendant and the corporation than the one evidenced by his subscription to the articles of association.

The agreement, if any, as to the conditional character of the subscription, was made with Selden, a promoter of the company, and, therefore, even if provable, could not affect the corporation. It is well settled that a corporation is not responsible for contracts entered into before it came into existence by promoters assuming to bind the company in advance. Morawetz on

Corp., sect. 547, and cases cited. No principle of the law of agency is applicable to a case of this kind, as agency implies the existence of a principal. Where corporations have been held liable for acts of its individual members, or promoters, it was where they had received the full benefit of the contract, as in *Edwards v. Railroad* (1 Mylne and Craig, 650), which is relied on by the appellant. Such liability can be supported only on the principle of estoppel.

The declarations of law made by the court were mere enunciations of these familiar principles as applicable to the facts of this case, and we can not see how, under all the facts substantially conceded by the evidence, the court could have reached any other conclusion than it did.

The judgment is affirmed. All the judges concur.