M. D. WELLS & COMPANY, Respondents, v. THE THOMPSON MANUFACTURING COMPANY et al., Defendants; JOHN FOLEY, Stockholder, Appellant.

St. Louis Court of Appeals, April 25, 1893.

1. **Manufacturing Corporations:** LIABILITY OF SHAREHOLDERS. The failure of the corporators of a manufacturing corporation to pay one half of the capital stock, as required by section 2768 of the Revised Statutes, will not avail a shareholder as a defense to a proceeding against him by a creditor of the corporation to enforce his liability on unpaid shares.

2. ———: ———: ADMISSIBILITY OF STOCK BOOK OF CORPORATION AS EVIDENCE. The stock book of the corporation is held to be admissible in evidence in such a proceeding, not for the purpose of showing that the person proceeded against was a stockholder of the corporation, but, that appearing *aliunde*, for the purpose of showing that he appeared as such stockholder on the books of the corporation, and was the proper person to proceed against.

3. ———: ———: OVER-ISSUE OF STOCK BY CORPORATION. An arrangement by which a stockholder releases his shares to a corporation may *be* valid as between himself and the corporation, and yet invalid as to creditors of the latter. Such a surrender and the reissue of the shares by the corporation to another person, do not create an over-issue, and will not constitute a defense to such other person in a proceeding against him to enforce his liability on these shares.

4. ———: ———: ———. But *held* by BOND, J., dissenting, that the evidence in this cause failed to establish such surrender and reissue, and that, the shares issued to the defendant being therefore an over-issue of stock, he could not be held by creditors of the corporation for the amount remaining unpaid thereon by him.

*Appeal from the Greene Circuit Court.*

AFFIRMED  *(Bond, J., dissenting.)*

*White & McCammon,* for appellant.

Among the condition of the defendant's subscription was one that the capital stock should all be *bona fide* subscribed *and one half thereof paid up in lawful money.* Revised Statutes, 1889, sec. 2768. This requirement is declared by the authorities to be condition precedent, the performance of which must be shown before the subscriber shall become a stockholder, or liable for his subscription. *Haskell v. Worthington,* 94 Mo. 560, 572, 573; *Railroad v. Swartz,* 53 Cal. 110; *Wells & Co. v. Jones,* 41 Mo. App. 1, 13; Waite on Insolvent Corporations, sec. 608; *Hale v. Sanborn,* 20 N. W. Rep. 97; 2 Morawetz on Private Corporations [2 Ed.] secs. 78, 79, pp. 737, 740; 2 Beach on Private Corporations, secs. 532, 534, 535. (2) The stock book of the company was not proper evidence against the defendant. Such books, while they are sometimes admissible in evidence against stockholders, cannot be admitted against the person who denies that he is a stockholder. Waite on Insolvent Corporations, secs. 603, 606; 1 Morawetz on Private Corporations [2 Ed.] secs. 75, 76; Thompson on Liability of Stockholders, sec. 371. The books are not evidence against one whose name appears upon them without his consent. *Simmon's v. Hill,* 96 Mo. 687.

*James R. Vaughn* and *Hefferman & Buckley,* for respondents.

The evidence in this case shows that the corporation was properly organized and all of its capital stock

subscribed. The articles of association which were of record and to which only creditors are required to look so showed, and after it been incorporated the defendant, either with actual knowledge, or with knowledge which he is conclusively presumed to have had as against subsequent creditors, took his stock and has always held it. *Schloss v. Montgomery Trade Co.*, 13 Am. St. Rep. 57; *Shierenberg v. Stephens*, 32 Mo. App. 327; *Kansas City Hotel Co. v. Hunt*, 57 Mo. 126; 2 Beach on Private Corporations, sec. 545. A stockholder may be liable to creditors under circumstances under which the corporation itself could not collect the subscription. *Ollesheimer v. Thompson Mfg. Co.*, 44 Mo. App. 172.

ROMBAUER, P. J.—The plaintiffs recovered a judgment against the defendant company, on which an execution was issued and returned *nulla bona*. They thereupon moved for an execution against the defendant Foley under the provisions of section 2517 of the Revised Statutes of 1889. Upon the trial of this motion, there was evidence tending to show that Foley held two shares of stock of the par value of $50 each in the insolvent corporation, on which he had paid $10 and no more, and that he had executed his notes to the corporation for the residue. The plaintiffs produced and surrendered the notes upon the trial of the motion. The court thereupon ordered execution to issue against Foley for $90, and he took an appeal from this order.

The errors assigned are numerous, but may be summarized as follows: *First.* That the subscription for the stock was conditional, and that a non-compliance with the conditions upon which it was made rendered the subscription nugatory. *Second.* That the court erroneously admitted the stock book of the

defendant corporation in evidence. *Third.* That the judgment is against the evidence.

Upon the trial of the motion, it appeared that the corporation was formed with a capital stock of $50,000, divided into one thousand shares of $50 each; but that, although the stock was all subscribed for, yet only a very nominal amount thereof was paid for in cash or its equivalent to the corporation. The defendant Foley claims that the payment of the fifty per cent. of the subscription by the subscribers was a condition precedent to a valid organization of the company, and that, such payment not being made, the company was never organized. Revised Statutes, 1889, sec. 2768. This argument loses sight of the fact that such a defense is inadmissible even as against the corporation itself or one claiming through it (*McDermitt v. Donegan*, 44 Mo. 85; *Joy v. Manion*, 28 Mo. App. 55), much less in a proceeding by a creditor who may hold the defendant liable even in cases where the corporation could not. *Schaeffer v. Home Ins. Co.*, 46 Mo. 248; *Skrainka v. Allen*, 7 Mo. App. 434; s. c., 76 Mo. 384, 392; Morawetz on Corporations, secs. 767, 818. This disposes of the first error assigned.

The stock book of the corporation was admissible in evidence, not for the purpose of showing that the defendant Foley was a stockholder of the corporation, but for the purpose of showing that he so appeared on the books of the corporation and was the proper person to proceed against, if it was shown *aliunde* that he was a stockholder. It was shown *aliunde* that he was a stockholder by showing that he bought two shares of stock in the corporation, and received certificates therefor from the secretary, which he still held when the execution against the corporation was returned *nulla bona.* The second assignment of error, therefore, is equally untenable.

We might disregard the third assignment as being too vague, but will dispose of it, since by the cases cited under that head the defendant evidently intended to raise the proposition, that the two shares issued to him were an over-issue of stock, and hence could not constitute him a stockholder. Morawetz on Corporations, sec. 840; Beach on Corporations, sec. 733. The question arises in this manner. It appeared from the stock book of the company offered in evidence by the plaintiff that the names of the original subscribers appeared thereon for the full amount of the capital stock of the corporation, and in addition thereto the names of sixty or seventy other persons who had subsequently taken stock to the amount of $7,800 in the aggregate. Among the latter the appellant's name appeared as that of the stockholder of two shares. Had the proof stopped there it would have raised a doubt as to the validity of this judgment, because it would have had a tendency to show an over-issue of stock beyond the amount which the corporation was authorized to issue, the over-issue consisting of these $7,000 or $8,000 in shares. But the defendant read the deposition of the secretary of the corporation, from which it appeared that for $23,750 of the stock taken by the original subscribers no certificates had ever been issued, or that, if issued, they had been surrendered to the corporation in conformity with a previous understanding.

Now an arrangement by which a stockholder releases his shares to the corporation may be valid as between himself and the corporation, and yet invalid as to creditors who seek to enforce his statutory liability. Thompson's Liability of Stockholders, sec. 205. Such surrender and reissue, therefore, create in no sense an over-issue. If the shares were surrendered to the corporation under a contract valid between it and the shareholder, and it sold them to another share-

holder, he became liable to creditors *pro tanto.* Whether the former shareholder became discharged *pro tanto* must depend, as we decided in *Ollesheimer v. Thompson Mfg. Co.*, 44 Mo. App. 172, upon the completeness of the substitution and the good faith of the entire transaction. There is, therefore, no merit in this assignment. Seeing no error in the record, the judgment is affirmed. Judge BIGGS concurs; Judge BOND dissents.

BOND, J. *(dissenting.)*—I am constrained to dissent to the disposition of this case made by my associates. The result reached by the majority of the court appears to be upon their construction of the testimony of Frizzell, the secretary of the corporation. I cannot concur in that construction. My understanding of his testimony and the facts in this record will appear in the course of this opinion.

This was a motion (Revised Statutes, 1889, sec. 2517,) to charge appellant as the holder of unpaid stock in the Thompson Manufacturing Company. This proceeding is in the nature of an independent and original action, based upon motion and notice thereof to the stockholder. This notice has been held to be *"in substance and effect a process of garnishment."* On its trial two issues are presented, to wit, "whether the person sought to be charged is indeed a stockholder, and if he is indeed indebted to the insolvent corporation." *Wilson v. Railroad,* 108 Mo. 588, 602. The proof of both of these issues necessarily devolves upon the plaintiff in the execution sought to be enforced against a stockholder.

Under the facts in this record the right of the execution creditor to recover is dependent on his proof of the first issue. This question is raised both in the motion for a new trial and the errors assigned on appeal. The general rule is, that "shares issued by a corporation

in excess of the amount authorized by its charter or articles of association are legally null and void, although the holder may have acted as a shareholder. No person would be entitled to give the company credit on the faith of such excessive issue of shares, because all persons dealing with the company would be bound at their peril to take notice of the terms of its charter or articles of association." 2 Morawetz on Private Corporations, sec. 849. To the same effect is Beach on Private Corporations, sec. 494, where it is said: "And a note, the consideration whereof is stated therein as being shares of the capital stock, is held to be non-collectible if there has been an over-issue of stock; inasmuch as it cannot be shown but that the shares delivered to the purchaser were among those illegally issued."

In the application of these principles of law to the facts in this proceeding on appeal, this court has the same power to make findings which it would have in a case in equity. *Ollesheimer v. Mfg. Co.*, 44 Mo. App. 172, 176; *Erskine v. Loewenstein*, 82 Mo. 301, 305. From the evidence, I find the fact to be that the Thompson Manufacturing Company was incorporated on May 19, 1888, with a capital stock of $50,000, divided into one thousand shares belonging to the several persons named in its articles of association. I find further from the testimony of the secretary that certificates of stock for the full amount so subscribed by said incorporators were either delivered to them, or retained in his possession, and have never been canceled nor annulled by the corporation. I also find that the recital in the articles of association that one half of the sum therein subscribed has been paid was substantially untrue. I further find that, at the trial of this proceeding the stock book of said Thompson Manufacturing Company disclosed that the list of its shareholders embraced all of its incorporators for the full amount subscribed by

each, and sixty or seventy other persons who had subsequently subscribed for stock to the amount of $7,000 or $8,000 in the aggregate, and among these latter appellant's name as that of the holder of two shares. From these findings and the facts in the record, I conclude that the Thompson Manufacturing Company made an over-issue of stock, and that the two certificates handed appellant on May 25, 1888, as shown by his receipt, were a part of such over-issue; that such stock is void, and that it confers on the holder no rights, and subjects him to no liability. This is not only the effect of the evidence in this case, but is in accordance with the direct adjudication of this court in *Ollesheimer v. Mfg. Co., supra.* There James Abbott, one of the original incorporators of said company, was adjudged liable *in solido*, by virtue of his signature to the articles, to a creditor of said corporation moving against him as a stockholder for his unpaid subscription; despite the fact that said Abbott had never received his certificate as a stockholder, and the further fact that the evidence tended to show that this subscription was to be transferred to other solvent citizens of Springfield, whom he had induced to subscribe for stock in the corporation, and that the officers of the corporation had *orally* agreed to take these other citizens as subscribers in his stead, and had further agreed that his stock should be canceled by this substitution. It was there said: "But there was no evidence from the records of the defendant corporation or otherwise of any corporate action on the part of that corporation by which such substitution was made or attempted. This evidence, as a matter of law, disclosed no defense on the part of the defendant stockholder. Nothing is more firmly settled in the law in this state and elsewhere than that a person who with

others subscribes to the stock of a corporation must perform his contract according to its form and substance by paying for his shares the full value stated in the contract of subscription, either in money or in money's worth."

In the present proceeding there is not a particle of evidence that the certificates issued to the appellant were in *substitution* for those of any one of the original subscribers, who had together taken *all* the shares (*i. e.*, $50,000) which the corporation could lawfully issue. The stock books showed an excess of stock issue ranging between $7,000 and $8,000 of stock. The testimony of the secretary, while it disclosed an *intention* on the part of the original incorporators to use some of their subscription to cover stock which it was expected would be subscribed in Springfield, wholly fails to show that any part *was* so used, and least of all that Foley's certificate was given in lieu of that of any other subscriber. The proper place for such facts to be noted is on the corporate records. "Persons whose names are found to be registered thereon as holders of the stock are presumed to be the regular and lawful owners of the shares and as such liable for the company's debts." Beach on Private Corporations, sec. 125.

In the case at bar the stock book affirmatively showed that the original stock subscribers were still stockholders in the company of *all* of its authorized shares. Nor is there in this record any evidence whatever that any part of the stock or stock subscription of any one of the stockholders has been transferred to appellant; on the contrary the evidence and receipt of appellant disclosed that his dealing was *directly* with the corporation. The unauthorized act of the secretary in issuing stock to appellant and others beyond the limit fixed by law created no obligation against the

holders of the overissued shares, and did not make them in law stockholders.

I, therefore, hold that the judgment holding appellant as a stockholder should be reversed.