Christy et al. v. Kavanagh et al.

A. D. CHRISTY *et al.*, Appellants, *v.* JOSEPH KAVANAGH *et al.*, Respondents.

1. *Deeds—Lost instrument—Proof of loss, what sufficient—How determined.* —In order, under the statute (Gen. Stat. 1865, p. 448, § 38; Wagn. Stat. 279, § 38), to introduce secondary evidence of the contents of a deed, parties should show that they have in good faith reasonably exhausted all probable sources of information and means of discovery which the facts and circumstances of the case are calculated to suggest, and which are at the time within their reach. But no definite rule on the subject, applicable to all cases, can be laid down. The question whether the loss is sufficiently proved in any given case must be determined by the judge trying the cause, and is addressed to his judicial discretion.

*Appeal from Fourth District Court.*

*G. D. Burgess,* for appellant.

Plaintiffs made out a *prima facie* case of the loss or destruction of the original; and when this is the case, a copy or the record of the original may be read in evidence. (Gen. Stat. 1865, pp. 447–8, §§ 35–38 ; Taunton Bank v. Richardson, 5 Pick. 441 ; Minor v. Tillottson, 7 Pet. 99 ; Davis v. Spooner, 3 Pick. 284 ; Turnispeed v. Freeman, 2 McCord, 269 ; Ward v. Fuller, 15 Pick. 187 ; Southerin v. Mendum, 5 N. H. 428 ; Hewes v. Wiswell, 8 Greenl. 94 ; Scanlan v. Wright, 13 Pick. 523 ; Eaton v. Campbell, 7 Pick. 10 ; Hathaway v. Spooner, 9 Pick. 26 ; Poignard v. Smith, 8 Pick. 272 ; Taylor v. Riggs, 1 Pet. 591 ; Knox v. Silloway, 1 Fairf. 201 ; Burghard v. Turner, 12 Pick. 534 ; Kent v. Weld, 2 Fairf. 459 ; 7 N. H. 475 ; 7 Greenl. 181 ; 17 Wend. 338.)

*A. W. Mullins,* for respondent.

The record of the deed from Smith to Gaile was properly excluded. The preliminary proof was insufficient. (Gen. Stat. 1865, ch. 109, §§ 35–38 ; Barton v. Murrain, 27 Mo. 235 ; Mariner v. Saunders, 5 Gilm. 113, 117 ; 1 Greenl. Ev., § 558 ; Jackson v. Hasbrouck, 12 Johns. 192 ; Dan v. Brown, 4 Cow. 483.)

CURRIER, Judge, delivered the opinion of the court.

This is an ejectment for a quarter-section of military bounty land situated in the county of Linn. In the progress of the trial, it became necessary for the plaintiffs to show the loss or destruction of a deed appearing in their chain of title, in order to the introduction under the statute (Gen. Stat. 1865, p. 448, § 38) of secondary evidence of its contents.

The plaintiffs submitted preliminary proof of loss, and then offered in evidence a copy of the original deed, duly certified by the recorder of the county where the same was recorded, but the court excluded it on the ground that the preliminary proofs did not sufficiently establish the loss of the original instrument. The plaintiffs thereupon took a non-suit, etc. The record presents for consideration the single question of the sufficiency of the plaintiffs' preliminary proofs.

It appears, from the copy offered in evidence, that the original deed was executed by David Smith, February 6, 1822, and that it purported to convey to one Andrew Gaile the premises in dispute. The deed, as shown by the copy, described Smith as of St. Louis, Missouri, but failed to indicate the residence of Gaile. Although the deed represented Smith as of St. Louis, the appended acknowledgment, taken on the day of the date of the deed, is certified as taken by a justice of the peace of Franklin county, Indiana, whose official character the Circuit Court clerk of that county certifies under date of January 24, 1860. The original deed appears to have been recorded in Linn county, where the land lies, on the fourth day of February, 1860.

It thus appears that the instrument which is supposed to be lost was carefully preserved for a period of nearly forty years—namely: from its date, February 6, 1822, to the time of its recording in 1860. The last that seems to have been known of the missing document it was in the possession of the county recorder, where, for aught that is shown by the plaintiffs' preliminary proofs, or that otherwise appears, it still remains. It is traced to the recorder's office, and there disappears. That was its last known place of deposit; but no search for it there

appears to have been made; nor does it appear that any inquiry was made of the recording officer respecting it; nor is it shown that any inquiry was made of the Indiana circuit clerk respecting the person who procured him to certify to the official character of the justice. Whoever procured the certificate and the subsequent recording of the deed, could probably give some useful information in relation to it. The preliminary proofs do not show that the search for Gaile himself was particularly thorough and exhaustive.

The plaintiffs should show that they have in good faith reasonably exhausted all probable sources of information and means of discovery which the facts and circumstances of the case are calculated to suggest, and which are at the same time within their reach. It is not practicable to lay down a definite and comprehensive rule on this subject that shall meet the exigency of all cases and accurately define the degree of diligence which the party must employ in his search for a missing instrument. Each case depends more or less upon its own peculiar circumstances, and these circumstances must suggest the extent and thoroughness of the search. (1 Greenl. Ev., § 588; Barton v. Murrain, 27 Mo. 235; Mariner v. Saunders, 5 Gilm. 113.)

The question whether the loss of a missing instrument in any given case is sufficiently proved, is to be determined by the judge trying the cause, and is addressed to his judicial discretion. (1 Greenl. Ev., § 588.)

In the case at bar, I am of the opinion that the plaintiffs' preliminary proofs were correctly held insufficient, and I therefore recommend an affirmance of the judgment. The other judges concur.