FERGUSON & WHEELER, Appellants, v. DALTON, Administrator.

### Division One, November 12, 1900.

1. **Debt: PROOF OF PAYMENT: PLEADING: DEFENSE.**    In an action on a debt for work done under a contract, it does not devolve upon the plaintiff seeking to establish the debt, to show that it has been paid. Payment is a matter of defense that must be affirmatively pleaded if it is to be available, and when so pleaded, the burden of proving it lies upon the defendant.

2. ——: ——: **DEMURRER.**    An instruction in the nature of a demurrer to plaintiff's testimony, which denies to plaintiff the right to a recovery unless in addition to proving defendant's liability he further shows that the same has not been discharged by payment, is erroneous.    When the evidence has established liability on the part of the defendant, it devolves upon him, and not upon the plaintiff, to prove the averments of his answer.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Geo. L. Edwards* for appellants.

(1) "Before a court is authorized to sustain a demurrer to the evidence because of its insufficiency, it must appear that, admitting all the evidence introduced by the plaintiff to be absolutely true, and giving him the benefit of every reasonable inference to be deduced therefrom, he is not entitled to recover." This rule is alike applicable to trials to the court as well as trials before a jury. Baird v. Railroad, 146 Mo. 281; Butler Co. v. Bank, 143 Mo. 23; Bender v. Railroad, 137 Mo. 244; Bank v. Simpson, 152 Mo. 656; Bank v. Bank, 151 Mo. 329. (2) That the evidence introduced by the plaintiffs "tended to prove the statements in their petition" must be considered settled by the judgment of this court in this case on the first appeal. Ferguson & Wheeler v. Davidson, 147 Mo. 664; Kerr v. Cusenbary, 69 Mo. App. 221; Masterson v. Railroad, 58 Mo. App. 572; Rutledge v. Railroad, 123 Mo. 121; Chapman v. Railroad, 146 Mo. 494; Baker v. Railroad, 147 Mo: 140; Gordon v. Burris, 153 Mo. 228. (3) "If the facts are shown by competent evidence on one side, and the evidence is not contradicted on the other, and there is no attempt to impeach the witnesses, there is no question of fact involved in the case, but a simple question of law is presented." R. S. 1899, sec. 866; Reichenbach v. Ellerbe, 115 Mo. 588; Gannon v. Gas Light Co., 145 Mo. 520; Carter v. Railroad, 156 Mo. 635; May v. Crawford, 150 Mo. 534.

*John G. Wear* for respondent.

ROBINSON, J.—This action by plaintiffs, as assignees of two accounts of T. N. Caldwell against I. M.

Davidson, for work and labor done and performed by said Caldwell under contract with said Davidson for the grading and improving of certain streets in the city of Poplar Bluff, Missouri, is here now on its second appeal. Since the institution of this suit, the defendant Davidson has died, and same has been revived and prosecuted against his personal representatives. At the first trial of the cause, which was had before a jury, the plaintiffs introduced testimony tending to prove the statements in their petition, and defendants introduced testimony tending to prove the payment and settlement pleaded in their answer, and at the close of all the testmony the court instructed the jury that under the pleadings and evidence the plaintiffs were not entitled to recover, and that their verdict must be for the defendant. As directed, a verdict was returned by the jury, and to reverse the judgment entered thereon plaintiffs' first appeal was prosecuted to this court, and the judgment of the circuit court entered therein was ordered reversed and the cause remanded to be retried in accordance with the views then expressed in an opinion by this court. [See Ferguson & Wheeler v. Davidson, 147 Mo. 664.]

On that appeal this court through VALLIANT, J., then said: "The ground on which the trial court based its peremptory instruction is not very apparent from the record, but it must have been because the court was of the opinion either that the plaintiffs' evidence did not tend to prove the allegations of the petition, or that the testimony of defendants conclusively established this plea of payment, or because there was no reply to the affirmative plea. In no phase of the case, however, as presented by the record, was the peremptory instruction justified."

When the case was returned to and again came up for hearing before the circuit court without the intervention of a jury, upon substantially the same state of facts developed

on behalf of plaintiffs as was shown at the first trial of the cause, the circuit court again, at defendant's request, gave an instruction in the nature of a demurrer to plaintiffs' testimony, to the effect that plaintiffs were not entitled to recover under the pleading upon the evidence offered, and in conformity with said instructions entered judgment for defendants, to reverse which, this appeal after the usual preliminaries, has been prosecuted to this court.

Again, it might be here said, "The particular ground on which the trial court based its instruction is not very apparent."

Wherein the testimony offered by plaintiffs failed to establish a *prima facie* liability against defendant's testator, Davidson, we are at a loss to conjecture, and upon what theory of procedure the trial court acted in determining otherwise, we can only presume from the present insistence of respondent's counsel, in trying to maintain the trial court's action in the premises, and that is, that plaintiffs did not go far enough with their proof and show, in addition to the performance of the work by plaintiffs' assignor for defendant's testator, I. M. Davidson, as per their contract, and the value and amount to be paid for said work, that the same had not been paid for, as alleged in their petition. Counsel for respondent insists that it is not enough to prove that work has been done under a contract to establish a debt, but, using the language of his brief, "the further proof that it was not paid for, and was due, must be made before a judgment can be recovered, and such was not done in this case." This is a misconception of the burden resting upon plaintiffs in an action like the one at bar. Payment is a matter of defense that must be affirmatively pleaded (as defendant's answer shows was done in this case) if it is to be made availing to the defendant. Here, however, the plaintiffs by the instruction given, are denied the right to have submitted for the consideration of the court,

their cause of action shown, unless in addition to showing defendant's liability, they go one step further and show that same had not been discharged by payment. In other words plaintiffs are to be called upon to show the non-existence of the affirmative averments of defendant's answer before the defendant is required to show their existence. Certainly a most new and novel course of judicial procedure. The bare statement of the proposition is the completest possible demonstration of its error. No amount of reasoning or citation of authority could present to view the fallacy of the contention with more distinctness. Respondents' contention is utterly untenable. The facts from which the law draws the conclusion of liability on part of defendant's testator have been shown. To resist them, defendant is called upon to prove the averments of his answer. If the facts as detailed by plaintiff's witness are true, they were entitled to a judgment, unless it had been shown, as alleged in defendant's answer, that this liability had been discharged by payment, or the obligation invalidated for other reasons set out in their answer.

Plaintiffs' testimony should have been submitted to the determination of the jury, or the court sitting in that capacity, and for its refusal so to do, its judgment is reversed and the cause remanded for a new trial.

All concur.