## M. R. ADKINSON and W. M. ABRAHAM, Respondents, v. VIRGIL McKAY, Appellant.

Springfield Court of Appeals, December 31, 1914.

1. **COVENANTS: Obligations: Defenses.** A maker of an obligation cannot defend himself against its full performance because some one else is equally liable with him and has agreed with him to be wholly so.

2. **WARRANTIES: Breach: Performance in Part: Defenses.** Grantor in a warranty deed covenanted to pay such part of a debt as would release from a deed of trust the lands conveyed. In an action by grantees for breach of this covenant, the fact that the deed of trust also covered other lands and that defendant had paid all of his proportionate part of the debt except a part tendered to plaintiffs, was not a good defense.

3. **PLEADINGS AND PROOF: Payment: Burden of Proof.** The burden of proving payment is on him who asserts the same or seeks to avail himself of its benefits and the rule applies to a defendant, although plaintiff has alleged nonpayment met by a denial.

4. **COVENANTS: Breach: Incumbrance: Excessive Payment to Remove: Burden of Proof.** Action for breach of covenant in warranty deed to remove an incumbrance from land conveyed, plaintiff's grantees having been forced to pay the mortgage

debt. A prima-facie case was established by plaintiffs. The burden was upon the defendant to show that the payment made by plaintiff to remove the incumbrance was excessive, such being his contention.

5. **APPELLATE PRACTICE: Assuming too Great Burden: Evidence: Effect.** Where plaintiff is only required to make out a prima-facie case, which he does, the fact that he undertook to do more and thereby elicited some incompetent evidence, does not affect the merits of the case.

6. ————: **Evidence: Incompetent: Harmless Admission.** The fact that the bookkeeper of the campany holding a note testified that he did not receive payments in question personally at all times or at all times personally make book entries concerning same, but supervised same, did not render his testimony as to payments wholly incompetent.

7. **WARRANTIES: Breach of Covenant: Establishment: Evidence.** Action for breach of covenant in warranty deed to remove incumbrance from land conveyed. It was not necessary to establish plaintiff's right to recover that they should introduce in evidence the secured note paid by them, its absence being accounted for and the amount, date and rate of interest not being in dispute.

8. ————: **Breach of Covenants: Unavailing Defense.** In an action for breach of covenant in warranty deed to remove an incumbrance from land conveyed, where plaintiffs (grantees) had been forced to pay the note secured by deed of trust covering the land conveyed and the land of another, that the holder of the note, on receiving payment, released all the land will not avail as a defense.

Appeal from Pemiscot County Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Ward & Collins* and *Shephard, Reeves & McKay* for appellant.

(1) The court erred in the admissibility of evidence. Witness must state facts and not opinions and conclusions; and questions calling for opinions and conclusions are not permissible. Sparr v. Wellmann, 11 Mo. 230; Masterson v. Transit Co., 204 Mo. 507;

Weatherall v. Patterson, 31 Mo. 458; Marshall v. Taylor, 168 Mo. App. 247; Eskine v. Loewenstein, 82 Mo. 307-308. (2) In a breach of warranty suit the burden is upon the plaintiff not only to show that there has been a breach of the warranty (which is admitted in this case), but also to show the amount of damage to plaintiff. 11 Cyc. 1152; Duffy v. Sharp, 73 Mo. App. 316.

*Oliver & Oliver* for respondent.

(1) Where a written instrument cannot be produced and is accounted for, secondary proof of its contents is admissible. Sec. 1983, R. S. 1909. (2) Possession of a note before its loss entitles the witness to testify the amount due on it and the interest it bore. Jenkins v. Emmons, 117 Mo. App. 10; Gould v. Trowbridge, 32 Mo. 291. (3) A judgment should not be reversed in order to have a jury calculate interest. Sec. 2082, R. S. 1909; Lumber Co. v. Harvester Co., 215 Mo. 221; McCormack H. Mach. Co. v. Blair, 164 S. W. 252.

STURGIS, J.—On March 17, 1909, the defendant and one Jones were the owners of a tract of land in New Madrid county, Missouri, and on that date conveyed same to the plaintiffs by warranty deed for the recited consideration of $5600. This land and an adjoining tract were then encumbered by a deed of trust dated June 27, 1904, executed by former owners of both tracts to secure a note for $3849.37, at six per cent interest, given for the purchase price in favor of the Himmelberger-Harrison Lumber Company. The deed of defendant and Jones to plaintiffs, in addition to the usual covenants of warranty, contains this special covenant: "There is a deed of trust against this and other lands in favor of Himmelberger-Harrison, of Cape Girardeau, Mo., for $3800, which the said Virgil

McKay and R. H. Jones agrees to pay such part of which as will release the lands herein described on or before April 6, 1909.''

The petition alleges that defendant McKay and said Jones breached this special and other covenants of the deed by failing and refusing to pay the amount secured by the deed of trust or sufficient of it to discharge the land conveyed at any time and that, as owners of the land, these plaintiffs were compelled to pay and did pay $561.15 on August 11, 1911, to the holder of this deed of trust in order to free this land of the said encumbrance. The plaintiffs asked and obtained judgment for this amount with interest thereon from the time of payment to the date of trial.

The suit was originally against the defendant McKay and the heirs of his co-warrantor, Jones, but as each of them were jointly and severally liable and McKay could have been sued singly, it is not necessary to discuss the manner or reasons for the suit being dismissed as to such heirs and the final judgment being against McKay only. We will treat him as being the sole defendant.

The defendant's answer denied that plaintiffs were compelled to pay the amount claimed by them in order to release the land in question from the lien and encumbrance of this deed of trust. It then sets up the special defense that this deed of trust encumbered other lands which were liable *pro rata* for their proportion of the mortgage debt; that defendant had paid that *proportional* part of said deed of trust which would release the land in question in conformity with the special covenant in the warranty deed to plaintiffs, except a balance of $250; that defendant on a date subsequent to the payment by the plaintiffs tendered the plaintiffs the said $250; that defendant gave notice to plaintiffs on the day of making this tender that the owner of the other tract of land was liable

for the remaining proportion unpaid after the amount of the tender by the defendant had been deducted.

Seeing that defendant had covenanted with plaintiffs that he would cause this land conveyed to them to be freed of this encumbrance, we do not see how he can escape liability for not doing so because the deed of trust constituting the encumbrance covered other lands liable *pro rata* for their share of the mortgage debt; nor because the defendant paid his proportional part of the mortgage debt when he had covenanted to pay all; nor because the owner of the other tract was liable for this unpaid balance. As to plaintiffs these matters are *res inter alios acta.* As between the owners of the respective tracts of land these facts would constitute a liability for contribution to him who had paid more than his just share in the discharge of the deed of trust, and so it might constitute a defense as against the owner of the secured note provided he had made a valid agreement to hold the respective landowners for only the proportional part of each. No agreement, however, either express or implied, made by the defendant with the other landowner or with the holder of the secured note to which plaintiffs were not parties could relieve defendant of his obligation to plaintiffs to comply with the terms of his warranty. After complying with his covenant with plaintiffs, the defendant may seek redress or contribution from those failing in their obligation to him on any contract, express or implied. A maker of an obligation cannot defend against its full performance because some one else is equally liable with him or has agreed with him to be wholly so. The court should have stricken out these special defenses, but, as it made an equivalent ruling on the evidence offered to sustain the same, the plaintiffs got the benefit of a correct ruling. It should be stated, however, that while defendant proved that he and the other landowner made a division of the amount due on this deed of trust and an agree-

ment as to the amount each should and would pay in discharge of the encumbrance covering both of these tracts of land, he did not show a valid agreement by the holder of the note that it would release each one of them from liability for the separate share of the other.

The only issue in the case arises from defendant's denial that plaintiffs were compelled to pay $561.15 to release the land from the encumbrance of the deed of trust and on this point the defendant raised the question as to the sufficiency and competency of plaintiffs' evidence. Let us consider what plaintiffs had to prove on this point. A consideration of defendant's evidence will aid in doing this. The defendant contends that his evidence shows that he owed no more than the $250 tendered to plaintiffs and no more need have been paid by them. Defendant arrives at this conclusion by testifying that he and the other landowner made an agreement as to the amount each should pay and that he had paid his proportional part down to that sum or less. He says that he does not know whether the owner of the other tract had paid his part or not and that he does not know how much was due and unpaid on this secured note. The owner and holder of the secured note exhibited at the trial a statement taken from its books showing the times and amounts of the several payments made and credited on the note, and defendant does not claim that any payment made by himself was not properly credited and he does not know whether the owner of the other tract made any payments not properly credited. He does not claim that the amount paid by plaintiffs is not the correct amount based on these payments. His contention, therefore, is reduced to this: That as the other landowner ought, as between them, to have paid his agreed share, it is incumbent on plaintiffs to show that he did not do so.

We have seen, however, that it was defendant's duty under his covenant to pay whatever part up to all of this encumbrance that was necessary to discharge the lien on plaintiffs' land. He had no right to cast this duty on the plaintiffs. It was his business to ascertain the amount due, whether from himself or the other landowner, and to pay it or cause it to be paid. He was repeatedly urged to do this and, after failing to do so for over two years, was notified to be present at the time the plaintiffs paid the amount sued for, but declined. There is no doubt that the holder of the secured note was demanding the amount paid by plaintiffs as the correct amount due and would not release plaintiffs' land except on such payment. The defendant also knew that the holder of this note was demanding a larger sum than what defendant was claiming to be his proportional part and he had made repeated promises "to fix it." The holder of the note stated it had sent defendant statements as to the amount paid and due on the note to which defendant made no objections and defendant does not deny this fact. What were plaintiffs to do under these circumstances? Their land was encumbered under a deed of trust containing a power of sale. The plaintiffs could not even await the result of a suit on the note to ascertain how much the defendant should pay to secure a release of this land. What action could plaintiffs take to secure a release other than to pay the amount due on the note as demanded by the holder? Could defendant cast on plaintiffs the burden of a lawsuit, even if such was possible on his part, to ascertain the amount which must be paid to release this land? It was certainly defendant's primary duty to tender to the holder of the deed of trust the amount necessary to secure a release and if refused to take the proper steps to enforce such release. Could defendant, by doing nothing, cast on plaintiffs the necessity of acting at their peril and, after they had acted by paying

the amount demanded by the holder, then discharge his liability by tendering to them the lesser amount claimed by defendant to be due from him? In Duffy v. Sharp, 73 Mo. App. 316, 325, the court said: "Upon the face of the record his title was subordinate to the judgments (deed of trust), hence he was not compelled to await a sale under the judgments (deed of trust) and take his chances in a contest with the purchaser, but he had the right to pay off the judgments (deed of trust) and sue for his reimbursement." Under these circumstances were the plaintiffs required to do more than to act in good faith in making such payment in order to make the amount paid conclusive? The plaintiffs' right to recover in this action is based on the fact that the amount paid by them to secure the release of this land was necessary and no reasonable method is suggested by which a release could have been procured by plaintiffs except to pay the amount demanded. While the question is not before us, we see no reason why the defendant might not recover, even from the holder of the note, any excess amount demanded and received under such circumstances as for money paid under duress.

We need not decide the point just discussed for the reason that plaintiffs went further and proved, prima facie, at least, that the amount paid by them was actually due and unpaid on the secured note. One of the plaintiffs testified that after waiting more than two years for defendant to discharge his covenant to remove this encumbrance and after repeated requests to and promises by defendant to do so, defendant was notified to be present at the final adjustment and payment of the amount demanded; that, on defendant failing to take any action or be present, the plaintiffs paid the amount demanded by the holder of the note and that such holder would not release the land for anything less. This witness's evidence was clearly competent to prove these facts and may be rejected for

all other purposes. The auditor of the company own-
ing and holding the secured note was a witness for
plaintiffs. He testified that he had charge of the col-
lection of this and other notes for his company; that
all payments on same were made to him direct or at
once reported to him for credit and that he kept or
supervised the keeping of the books showing all pay-
ments on this and other notes and debts due his com-
pany. He exhibited a statement from his books show-
ing the dates and amounts of payments made on this
note and defendant did no more than to say that he
did not know whether same was correct or not. De-
fendant does not deny that he had received similar
statements on previous occasions without questioning
their correctness. This auditor then testified that these
were all the payments made and on the basis of these
payments there was due and unpaid on the note, which
he calculated at the time, the amount paid by plaintiffs,
$561.15, and that his company would not release the
land except on this amount being paid. This much of
his evidence was competent and made a prima-facie
case for plaintiffs, which was in no way contradicted or
destroyed by the other evidence. We may grant that
defendant might have shown that some payments were
made either by himself or the other landowner not
properly credited or that a wrong calculation was made
as to the amount due, but such was not done or at-
tempted to be done. The burden of proving payment
is on him who asserts the same or seeks to avail him-
self of its benefits, 22 Ency. of Law (2 Ed.), 587; 30
Cyc. 1264; 16 Ency. of Pl. & Pr., 182; Carder v. Primm,
47 Mo. App. 301, 305; Ferguson v. Dalton, 158 Mo.
323, 59 S. W. 88; Diel v. Stegner, 56 Mo. App. 535, 539;
State to use v. Richardson, 29 Mo. App. 595; Griffith
v. Creighton, 61 Mo. App. 1, 4; and this rule applies
to a defendant, although the plaintiff has alleged non-
payment met by a denial. [22 Ency. of Law (2 Ed.),
588; 16 Ency. of Pl. & Pr., 179.] The facts elicited

from this auditor that he did not always receive the payments made in person and did not personally make all the entries in the books kept by him, but that same was done under his supervision, did not make his evidence wholly incompetent but left enough to make a prima-facie case at least. The defendant's evidence went to the special defense set up by him and which, as we have seen, amounted to no defense at all. All the plaintiffs were required to do was to make a prima-facie case and the fact that they undertook to do much more and elicited some incompetent evidence in so doing does not affect the merits of the case.

The fact that the secured note, which was delivered to plaintiffs on their paying same, was not produced at the trial is not material. This is not a suit on that note and its absence was accounted for. The amount, date and rate of interest are not in dispute. There is no evidence that payments were endorsed on the note not shown by the holder's books. The calculation of the amount due was made while the note was in the hands of the holder and, as stated, there is no showing that any payments made were not properly credited. The fact that the holder of the note, after receiving full payment of the same, released not only the land of the plaintiffs but the other tract covered thereby was but a performance of its duty and in nowise prejudices the rights of the defendant. The defendant may have rights growing out of this transaction which he can enforce against other parties, but we fail to find any valid defense to the plaintiffs' cause of action. Minor alleged errors have been considered but we find them not substantial.

The judgment will, therefore, be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.