WILLIAM T. ALFORD, ADMINISTRATOR OF THE ESTATE OF GEORGE P. COOK, DECEASED, PLAINTIFF IN ERROR, v. WALTER D. THOMAS AND THELMA THOMAS, DEFENDANTS IN ERROR.—162 S. W. (2d) 356.

Kansas City Court of Appeals. May 4, 1942.

*Horace Merritt, W. C. Meyer* and *Elmer W. Ahmann* for plaintiff in error.

1100

*Chet D. Vance, Frank J. Stark* and *W. Raleigh Gough* for defendants in error.

CAVE, J.—This is an action by plaintiff in error (as plaintiff) against defendants in error (as defendants) upon eleven promissory notes, in amounts approximating $40 each. Trial to a jury resulted in a verdict and judgment for defendants, and plaintiff in error seeks review of the proceedings by writ of error. The petition is in conventional form in eleven counts. The amended answer, upon which the case was tried, admits the execution of the notes and pleads as defenses (a) that the notes were procured by certain fraudulent representations; (b) that the notes have been fully discharged and satisfied by tender of a warranty deed which was accepted by plaintiff.

At the outset we are confronted with a motion to dismiss the writ of error issued herein because the statement and assignments of error and points and authorities of plaintiff in error do not comply with our rules 15, 16 and 17 and are wholly inadequate to present any error for review by this court.

The assignments of error are as follows:

"1. The court erred in overruling the objections made by the plaintiff to the defendant Walter D. Thomas testifying as a witness in his own behalf as to transactions and conversations with the deceased plaintiff George P. Cook.

"2. The court erred in permitting the defendant to testify to conversations and transactions with J. Doyle Barrow as the agent of the deceased George P. Cook, and in overruling objections made thereto by the plaintiff, there being no evidence or proof whatever that said J. Doyle Barrow was the agent of George P. Cook.

"3. The verdict of the jury upon each and every count of the petition against the plaintiff and in favor of the defendant is against all the evidence and against the law, and the court erred in not so holding.

"4. The verdict of the jury is not supported by any evidence whatever, but is against the evidence of the defendant Walter D. Thomas who over the objections of the plaintiff was permitted to testify to transactions with the deceased George P. Cook and even under his incompetent evidence he himself swore that the deed which he had requested drawn for him by J. Doyle Barrow and which he had sent

to Barrow was returned to him and therefore was never accepted by either Cook or Barrow thereby proving by his own testimony that no payment or discharge of said notes had ever been made by him, and the court erred in not so holding in refusing to set aside the verdict and grant new trial upon the hearing of the motion for new trial of said cause.''

The first two assignments relate to the erroneous admission of testimony. These two assignments are wholly inadequate and are not aided by the ''points and authorities'' or the argument found in the brief. The assignments do not set out the reasons for the objection, the substance of the testimony alleged to have been improperly admitted, any indication how plaintiff was injured thereby, or the page or pages of the record where such testimony is to be found. Failure so to do has many times been held to present nothing for review by the appellate court. [Wheeler v. Campbell, 120 S. W. (2d) 744; Martin v. Connor, 128 S. W. (2d) 309; McGee v. St. Joseph Belt Ry. Co., 93 S. W. (2d) 1111; Metropolitan Properties Co. v. Rideout, 142 S. W. (2d) 1055; Martin v. Bulgin, 111 S. W. (2d) 963.] In the case of Diamant v. Stein, 116 S. W. (2d) 273, this court, in an opinion by REYNOLDS, J., discusses at length the essentials of assignments of error and we refer those interested to that opinion for a full discussion and collection of authorities on the subject.

The third and fourth assignments of error might be construed to charge that the verdict of the jury was against the evidence and against the law under the evidence, and that the court should have directed a verdict for plaintiff on all counts of the petition. Of course, we will not pass on the question of whether the verdict was against the weight of the evidence as it is not within the province of the appellate court so to do. With reference to the assignment (if it may be so construed) that the verdict was against the law and the evidence, we find by examining the motion for new trial that the only point made therein, which would relate to the above assignments of error, is that the ''court erred in overruling the peremptory instruction offered by plaintiff at the close of the defendants' case;'' but a further examination of the record discloses that no such peremptory instruction was offered and, therefore, none was refused by the court. On the contrary, the record discloses that at the close of all the evidence it was agreed, in open court, by plaintiff and defendants, that the cause should be submitted to the jury without any instructions of law, except the form of verdict. Under such circumstances, the plaintiff is not now in position to claim that the court erred in not giving the peremptory instruction, when none was offered, and that the evidence fails to make an issue to be submitted to the jury. [Swift & Co. v. Epps, 182 S. W. 1024; Hodges v. Ramsay, 216 S. W. 568; People's Bank of Queen City v. Aetna Cas. Co., 40 S. W. (2d) 535.]

We are always loathe to dismiss a cause pending in this court but our rules and statutes relating to appeals and writs of error are designed for the purpose of promoting intelligent administration of justice and are intended to aid this court in dispatching its work and arriving at a proper understanding of the issues; and, in addition, they are designed to guard against the disturbance of *nisi pruis* judgments except upon a full and fair presentation of the whole record, necessary to a determination of errors properly presented. [Metropolitan Properties Co. v. Rideout, *supra*.] Such has not been done in the instant case.

Finding no errors properly preserved and presented to this court for review, it follows that under our rule 18 the writ of error should be dismissed. It is so ordered.

All concur.