GEORGE BULLOCK v. W. J. JOHNSON ET AL., Appellants.—No. 38025.— 166 S. W. (2d) 573.

Division One, September 8, 1942.

As Modified on Denial of Rehearing, December 1, 1942.

*C. E. Rendlen, F. D. Wilkins, C. M. Buck* and *Edward F. Sharp* for appellants.

*Merrell Spitler* and *Ward & Reeves* for respondent.

444

 DOUGLAS, P. J.—This is a suit to quiet title to Section 24 in Township 21 North, Range 11 East, in New Madrid County.

Plaintiff claimed title through a tax sale. Unknown defendants in this suit were served by publication. None appeared. Those personally served made default. Judgment was for plaintiff. Thereafter Everett B. Gee and Farm Industries, Incorporated, each filed petitions for review to set aside the judgment under the provisions of Section 1247, R. S. 1939. The petitions were granted, the judgment was set aside and leave was given petitioners to file answers. Only Gee filed an answer. He also filed a cross bill. The court entered a decree adjudging title to the land in plaintiff free and clear of all claims of defendants. Gee appealed.

 This is a companion case to Gee v. Bullock, 349 Mo. 1154, 164 S. W. (2d) 281. The issues are the same and arise under the same evidence. The record in that case by the stipulation of the parties constitutes the record in this suit. Both cases arise out of the same transaction and the same state of facts, except that in this suit different lands are involved and different parties are interested. As in that case, Gee bases his claim to the land in this suit on his ownership of the same two notes for $294,000 and for $49,000 secured by deeds of trust on this land. We fully considered this claim and found that the tax sale had extinguished the liens of these deeds of trust so that Gee had no interest in the lands which they covered. As the deeds of trust included the land involved in this suit it must follow that Gee has no claim to it.

Gee vigorously continues the argument commenced in still an earlier companion case (Bullock v. E. B. Gee Land Co., 347 Mo. 721, 148 S. W. (2d) 565) and carried on in Gee v. Bullock, supra, that the tax sale was void because the actual owner of the land, as distinguished from the record owner, although known, was not made a party to the tax proceedings.

In the first companion case Gee attempted to prove that the Darby-Day Investment Company, a Chicago company, was such owner of the

property through an unrecorded deed also executed by Morrison at the same time he executed the two notes and deeds of trust. Gee claimed that such deed was lost. In an attempt to establish the deed by secondary evidence he offered to prove that the original deed was executed and delivered by Morrison to one Downie, an employee of the Darby-Day Company. We held that the trial court properly rejected the offer of proof because no diligence was shown in attempting to locate the original deed. Speaking of the character of the proof offered this court said: "Even if this offer of proof had been sustained and the evidence received, we would not be strongly impressed with its probative value. While the effort was being made to introduce this evidence one of appellants' counsel stated that the witness did not know the name of the grantee in the alleged lost deed. The offer of proof stated that the deed was delivered to one Downie. Downie was a defendant and his deposition was taken and filed in the case, but he was not asked about any deed being executed by Morrison at the time the latter executed the deeds of trust. Downie did say that Morrison conveyed the land by quitclaim to Farm Industries, Inc., but that company was not organized until 1935, nearly six years after the deeds of trust were executed. The witness, Morrison, filed an answer in the instant case, later withdrawn, in which he claimed to own the land." 347 Mo. 721, 148 S. W. (2d) l. c. 567.

 The same evidence adduced in that case was also used in the instant case. The bill of exceptions of that case is included in the one of this case. There is some additional testimony in this case offered for the purpose of correcting the failure to show diligence in locating the lost deed. However, this additional testimony conflicts with testimony from the other case. Downie says he received a deed from Morrison which he delivered to one McCutchan for the Darby-Day Company. Yet Downie made a claim of title to the land here involved in behalf of still another company through a joint deed from Morrison and Downie's wife. Another witness, one of Gee's attorneys, testified in this case that he went to Chicago to search the records of the Darby-Day Company, but could not find the original deed. He also searched for the deed among the records of still another company, the Chicago Fidelity and Casualty Company. Yet when the question arose in the first case as to who was named as grantee in the original deed, this witness at first stated he did not know but then asserted it was made to the Darby-Day Company.

The trial court refused to permit secondary evidence on the ground the original deed had not been accounted for. This is a matter within its discretion. In Scrivner v. American Car & Foundry Co., 330 Mo. 408, 50 S. W. (2d) 1001, we held: "Moreover, the sufficiency of the evidence on the preliminary proof rested in the sound discretion of the trial court, whose determination will not be disturbed by an appellate court although it is reviewable and may be overruled when

an abuse of discretion amounting to error of law appears. [22 C. J. 1052; Harper v. Wilson (Mo. App.), 191 S. W. 1024; Liles v. Liles, 183 Mo. 326, 81 S. W. 1101; Wells v. Pressy, 105 Mo. 164, 16 S. W. 670; Henry v. Diviney, 101 Mo. 378, 13 S. W. 1057; Christy v. Kavanagh, 45 Mo. 375; Macon v. Fidelity, etc., Co., 194 Mo. App. 677, 189 S. W. 645; Lohnes v. Baker, 156 Mo. App. 397, 137 S. W. 282.]''

Upon an examination of all the evidence before us we hold that the trial court properly exercised its discretion. Therefore, the claim that the Darby-Day Company was the actual owner at the time of the tax sale has not been sustained.

The decree herein was for the proper party and is affirmed. All concur except *Hays, J.,* absent.