Laura NIBLER, Respondent,

v.

Victor O. COLTRANE, Executor of the Estate of Rose M. Davidson, deceased, Appellant.

No. 44115.

Supreme Court of Missouri.

Division No. 1.

Jan. 10, 1955.

Opinion Modified Feb. 14, 1955.

Motion for Rehearing or to Transfer to Court en Banc Denied Feb. 14, 1955.

Patterson & Patterson, Kirby W. Patterson, Springfield, for appellant.

E. C. Hamlin, C. M. Wantuck, Springfield, for respondent.

DALTON, Presiding Judge.

Action in two counts. The first count is for $55,899.26 damages for breach of an alleged written contract to transfer property in consideration of personal services and the second count is for $50,000, alleged to be the reasonable value of the services actually rendered under the written contract. The cause was submitted to a jury on the second count and verdict and judgment were for plaintiff for $11,250. The verdict was returned September 17, 1953, and on September 26, 1953, defendant filed his motion for judgment and his motion for new trial. Thereafter, on November 5,

1953, the trial court overruled the motion for judgment and entered the following order as to the motion for new trial, "it is ordered by the Court that if plaintiff will remit $3,750 from the amount of the judgment entered in this cause within ten days from the date of this order, the motion for a new trial will be overruled, otherwise it will be sustained on the ground that the verdict is excessive, and a new trial ordered on the issue of the amount of plaintiff's damages only" On November 14, 1950, the trial court extended the time within which plaintiff would be permitted to make the remittitur "until November 21, 1953." On the same date (November 14, 1953) defendant filed his notice of appeal to this court. The remittitur was not made.

■ Respondent has moved to dismiss the appeal and contends that the appeal was prematurely taken before a final judgment was entered; that the appeal divested the trial court of jurisdiction and "made it impossible for plaintiff to remit even if she had so desired"; and that appellant's brief does not contain a fair and concise statement of the facts without argument. The transcript was not filed in this court until May 10, 1954 and the trial court retained jurisdiction until that date. The motion is overruled. Section 512.050 and 512.130 RSMo 1949, V.A.M.S.; State ex rel. Thompson v. Terte, 357 Mo. 229, 207 S.W. 2d 487, 490(2); 42 V.A.M.S. Supreme Court Rule 3.24 and 3.25. Appellant's statement sufficiently complies with Supreme Court Rule 1.08(a) (2).

Appellant contends (1) that the petition does not state a claim upon which relief can be granted; (2) that the court erred (a) in the admission of evidence; (b) in the exclusion of evidence; (c) in overruling defendant's motions for a directed verdict at the close of all the evidence; (d) in overruling defendant's after-trial motion for judgment in his favor; (e) in giving instructions 1 and 2 requested by plaintiff; (f) in permitting plaintiff's counsel to make improper argument; and (g) in approving an award of $7,500.

As stated, the petition was in two counts, the first is based upon an express contract and the second re-alleges the contract and seeks to recover the reasonable value of the services rendered. Neither count was attacked by motion to dismiss. The answer to both counts denied the contract, denied that any services were performed thereunder and alleged that any services rendered were fully paid for at the time. At the close of all the evidence defendant filed a motion to require plaintiff to elect on which count she would proceed, since the counts were inconsistent and recovery could be had on only one. The motion was overruled. Appellant concedes that, apparently from the form of instruction 1, the case was submitted on the second count, which prays recovery for the reasonable value of plaintiff's services. Respondent agrees that the case was submitted to the jury only on the second count. We think the record sufficiently shows that the cause was not submitted on the first count and it is only necessary to determine whether the second count states a claim upon which relief can be granted.

The second count, including allegations adopted from the first count, states that defendant is the executor of the estate of Rose M. Davidson, deceased; that Theresa F. Nibler and Rose M. Davidson, both now deceased, were sisters and lived together in one household in Springfield, Missouri; that plaintiff is their niece; that in August 1946, after lengthy negotiations, the plaintiff entered into a written contract with her said aunts whereby it was agreed that if plaintiff would move from California, where she was then living, to Springfield, Missouri, and live with her said aunts and become part of their household, assuming its responsibilities, and if she would not leave without their consent and would assist in the store operated by the aunts and if she would not marry nor work for anyone else without their consent during their lifetime that plaintiff should receive whatever property the surviving aunt should have at her death.

It was further alleged that the written contract consisted of a series of letters from

the two aunts to plaintiff; that plaintiff accepted the offer in writing by letter to the two aunts and by coming to Springfield and assuming the duties and responsibilities required of her by the contract; that the said correspondence from the aunts had been lost or destroyed and none of it was now in plaintiff's possession, nor had plaintiff had possession of her letter of acceptance since it had been mailed; that plaintiff had fully performed all of the terms and conditions of the contract on her part, except for a short period following the death of Theresa Nibler, when performance was purposely prevented by the wrongful acts of Rose M. Davidson; that plaintiff worked in the store, performed household tasks, cared for her two aunts during their illness, worked for no one else and did not marry; that Theresa died February 12, 1950 and devised and bequeathed all her property to Rose M. Davidson, who died in April 1952, and failed to provide for plaintiff, although leaving an estate of $55,800.69; that defendant-executor has refused to pay plaintiff any sum or to transfer or assign any property of the estate to her; and that the reasonable value of the services performed by plaintiff pursuant to the contract is the sum of $50,000.00, which sum defendant has failed and refused to pay, wherefore plaintiff prays "judgment against defendant in the sum of $50,000 for her services as rendered."

Appellant insists that "the petition" attempts to base an action at law upon an alleged express contract invalid under the statute of wills"; that such cannot be done; that "where a petition declares upon an express contract, there can be no recovery upon the theory of quantum meruit, by mere proof of the reasonable value of the alleged services"; that the petition "seeks recovery upon an alleged contract of which one of the provisions, inseparable from the rest, was void as against public policy" as in restraint of marriage; and that it is immaterial that the contract may be supported by other valuable consideration.

Appellant may raise, on appeal, the question of the sufficiency of the petition to state a claim upon which relief can be granted whether that question was presented to or ruled upon by the trial court. Sec. 512.160(1) RSMo 1949, V.A.M.S. Under the allegations of the second count, which alone was submitted to the jury, plaintiff sought to recover the reasonable value of the services of the type and kind mentioned and rendered under the circumstances alleged. From the facts alleged an inference can be drawn that the services were not gratuitously rendered and that they had not been paid for. It was therefore wholly immaterial that the express contract alleged in the first count or re-incorporated in the second count may have been void and unenforceable for the reasons mentioned by appellant. The rule is stated in 58 Am.Jur. 539, Work and Labor, Sec. 35, as follows: "When one furnishes labor to another under a contract which, for reasons not prejudicial to the former, is void and of no effect, he may recover the value of his services on a quantum meruit as a benefit to the person receiving them. The law recognizes that services not gratuitous, and neither mala in se nor mala prohibita, rendered under an agreement that is invalid or unenforceable, furnish a basis for an implied or constructive contract to pay their reasonable value." And further, 58 Am.Jur. 541, Work and Labor, Sec. 38, " * * * although there is authority to the contrary, the weight of authority supports the proposition that if the services are not themselves illegal, either intrinsically or by reason of the circumstances under which they are rendered, recovery may be had on a quantum meruit for their reasonable value, although the contract is for other reasons illegal. This is true where one of a number of acts contemplated is not malum in se but merely malum prohibitum. Thus, although the express contract is in no respect enforceable, either as a foundation for a suit or a cross action or as a defense to the original action, or in any other manner, recovery is proper on quantum meruit if the contract is repudiated before the unlawful act is performed." And see 71 C.J., p. 84, Work and Labor, §§ 45 and 46; Wright v. Broome, 67 Mo. App. 32, 36. The allegations contained in

the second count and incorporated therein by reference seem to meet the test set forth in Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974, 978, where the court said: " * * * there are allegations of request, consideration, indebtedness, performance by the claimant, a demand and a claim for damages or allegations from which it could only be inferred that the services were not gratuitously rendered or had not been paid for and these are the essential averments or prerequisites to stating a cause of action in assumpsit. In re Hukreda's Estate (Mo. Sup.), 172 S.W.2d 824; Blackwell v. De Arment's Estate, Mo.App., 300 S.W. 1035; Joseph v. Joseph, Mo.App., 164 S.W.2d 145; Whitworth v. Monahan's Estate, Mo.App., 111 S.W.2d 931." The second count of the petition sufficiently stated a claim upon which relief can be granted. Hoyt v. Buder, 318 Mo. 1155, 6 S.W.2d 947, 951; Ehrlich v. Aetna Life Ins. Co., 88 Mo. 249, 257; Balsano v. Madden, Mo.App., 138 S.W.2d 660, 662(1).

■ The specifications of error with reference to the admission and exclusion of evidence as set out in appellant's brief under points and authorities, excluding cases cited, are as follows: "With regard to the admission of evidence on behalf of plaintiff, the trial court erred in admitting secondary evidence as to the contents of certain letters without a proper predicate having been laid. The trial court also erred in excluding competent, relevant and material evidence offered on behalf of defendant. A. Statements or conduct of the promisee in this kind of situation which are inconsistent with the existence of a contract are admissible. B. Ignorance of the existence of an alleged contract of this type by one in a position to have knowledge thereof is admissible. C. An objection to the admission of evidence is waived where the same or similar evidence has been adduced by the party objecting." The assignments are wholly insufficient to preserve anything for review. No specific evidence or ruling is pointed out and the assignment contains no reference to any specific portion of the record where the evidence or erroneous rulings may be found. Supreme Court Rule 1.08(a) (3) and (d); School Dist. of Kansas City v. Phoenix Land & Implement Co., 297 Mo. 332, 249 S.W. 51, 54(7); Alford v. Thomas, 236 Mo.App. 1099, 162 S.W.2d 356, 357. Discussion and references contained in the printed argument are insufficient to comply with Supreme Court Rule No. 1.08, however, we shall briefly refer to the matters complained of.

■■ In the printed argument under the first point, appellant particularly complains of the "admission of secondary evidence as to the contents of alleged letters" on the theory that "the plaintiff failed to lay a proper predicate for the introduction of secondary evidence." Plaintiff's sister Grace, with whom she was living in California at the time she allegedly received the written offer relied upon and which offer she allegedly accepted in writing, testified that none of the family correspondence was kept, that it was all burned. The record shows: "Q. Now these particular pieces of correspondence to which you refer, you say they were destroyed? A. They were destroyed." The witness said "We couldn't possibly have kept them; we burned them up." She said they received so many letters they could have had suit cases full; and that they didn't have room to keep them. Plaintiff at the time was working as a welder in the Richmond shipyards (a defense plant) in California and her sister worked at a Naval Supply Center. There was no specific evidence that plaintiff participated in the destruction of any of the letters the contents of which were shown by oral testimony. The court did not err in permitting oral testimony as to the contents of the letters with reference to the offer and acceptance. This evidence tended to show the services in question were not to be gratuitously rendered and that plaintiff expected to be paid therefor. The sufficiency of the evidence on the preliminary proof rested in the sound discretion of the trial court, whose determination should not be disturbed by an appellate court, although it is reviewable and may be overruled when an abuse of discretion amounting to error of law appears. Scrivner v. American Car

& Foundry Co., 330 Mo. 408, 50 S.W.2d 1001, 1008(8). In the printed argument on the second point appellant says that "the trial court excluded a number of items of testimony which * * * should have been admitted in order for the jury to get a more nearly accurate picture of what had been the situation as to the alleged contract between the parties." We have reviewed the several matters subsequently discussed in appellant's printed argument on the issue of improperly excluded evidence and we find no reversible error, particularly so, because of the fact that the cause was not submitted on the contract count of the petition. In view of the submission of the cause on the second count (to recover the reasonable value of the services rendered) the failure of the trial court to admit the excluded evidence offered by defendant, which appellant admits would only have tended to give the jury "a more nearly accurate picture of what had been the situation as to the alleged contract between the parties," was not reversible error. The assignment is overruled.

Did the trial court err in overruling defendant's motion for a directed verdict at the close of all the evidence or err in overruling defendant's after-trial motion for judgment in his favor? It will not be necessary to review the evidence favorable to plaintiff because the only basis or ground of error assigned for the overruling of said motions is that "the entire action was based on evidence improperly admitted." The assignment involves substantially the same issues as previously considered. Appellant argues that none of the alleged letters making the offers were introduced in evidence, but only oral testimony as to their alleged contents; that no sufficient basis was laid for the introduction of this "secondary evidence"; that the testimony of plaintiff's sister that she and her sisters had voluntarily destroyed the letters because there were so many was insufficient; and that there was no showing of any search to ascertain if any of the alleged letters were still in existence. Appellant insists that "It is essential, in order to introduce secondary evidence of the contents of lost or destroyed writings *(especially when an action is based directly thereon)* to show more than mere voluntary destruction; any destruction must be shown to have been under circumstances which render the act free from all suspicion of intentional fraud, or if they are lost, that diligent search has been made therefor, and the facts of such search. The mere statement that the writings were lost or voluntarily destroyed is insufficient predicate for the admission of secondary evidence." (Italics ours). Appellant says that "while this (admitting secondary evidence) is a matter addressed in the first instance to the sound discretion of the trial court, nevertheless, if there is insufficient basis laid for the introduction of secondary evidence, this Court will reverse"; that the "destruction of written evidence by either plaintiff or defendant without explanation therefor gives rise to an inference unfavorable to the spoilator"; and that in the following cases the trial court "excluded the secondary evidence and this action was sustained on appeal. Bullock v. Johnson, 350 Mo. 443, 166 S.W.2d 573, 574(2–4) and cases cited; Bullock v. E. B. Gee Land Co., 347 Mo. 721, 148 S.W.2d 565, 567(3, 4); Christy v. Kavanaugh, 45 Mo. 375, 377." We have previously pointed out that there was no evidence that plaintiff participated in the destruction of any letters with reference to the contract or containing the offer or acceptance. The evidence shows that the letters containing the offer were destroyed. Plaintiff was not permitted to testify in her own behalf.

The assignment in question in effect concedes that on the basis of the testimony offered and received in evidence, the motion for a directed verdict and the motion for judgment were correctly ruled, but appellant seeks to impose upon the assignment of error as to the court's action in ruling these two motions a further assignment of error, to wit, that "the entire action was based upon evidence improperly admitted." Appellant then directs attention to the questioned evidence, some of which, as stated, was sought to be questioned under an assignment hereinbefore considered. Appellant further assumes that the action, as

submitted, was an action based directly upon contract, although appellant at times concedes that the submission was to recover the reasonable value of services rendered.

The evidence complained of under this heading is only mentioned in most general terms, to wit, as "secondary evidence." There are no page references to the transcript and the specific evidence complained of as being "evidence improperly admitted" is not pointed out, except in the printed argument as hereinbefore mentioned. Appellant says "the entire action was based on evidence improperly admitted as to the contents of letters alleged to have been destroyed and which the evidence shows were voluntarily destroyed." While this "double-barrelled" assignment is wholly insufficient to preserve the matter of improperly admitted evidence for review on appeal, yet as hereinbefore stated, we find no reversible error in the record concerning the admission of the oral evidence as to the contents of the several letters. The evidence fails to show any voluntary destruction by plaintiff. The inability of plaintiff without fault on her part, to produce any of said letters was sufficiently shown by the testimony presented. Since this assignment of error as to the overruling of defendant's motions for directed verdict and for judgment is based upon the theory that secondary evidence of the contents of the letters was improperly admitted and since we have held that it was properly admitted, this assignment is overruled.

Appellant next complains of the giving of plaintiff's instructions 1 and 2. In determining whether either or both of these instructions were prejudicially erroneous we must keep in mind that, since the remittitur was not made, the trial court sustained defendant's motion for a new trial "on the issue of the amount of plaintiff's damages only" and, in effect, overruled the motion as to the issue of defendant's liability. Appellant may, therefore, on this appeal complain only of errors affecting the issue of defendant's liability to plaintiff for the reasonable value of such services as were rendered and not paid for.

As to instruction 1, appellant contends that the "instruction attempts to combine two completely irreconcilable theories of recovery, express contract and implied contract (or quantum meruit)"; that the instruction misled the jury by telling them that the ground for recovery was the alleged contract by testatrix to leave all her property to plaintiff; and that the alleged contract was void because of the inseparable provisions that plaintiff should not marry, which was against public policy. Appellant admits that "the instruction tells the jury, in brief, that if they find as a fact the alleged express agreement of testatrix to leave all her property to plaintiff (plus performance by plaintiff and breach by defendant) then plaintiff should recover the value of her services." In the case of Muench v. South Side Nat. Bank, Mo.Sup., 251 S.W.2d 1, 4, the court said (in a case based upon quantum meruit): "Plaintiff does not, nor is she required to, plead or prove the specific promise to pay for the services. She was only required to plead and prove that at his request she rendered the services, that they were worth the amount asked and the law then presumes that they were to be paid for. * * * When plaintiff pleaded and proved a specific promise to pay for the services, and the jury was required to find a specific promise, she assumed a greater burden than the law required and the defendant could not complain of it. Henderson v. Dolas, Mo.Sup., 217 S.W.2d 554. She merely pleaded and proved and the jury was required to find that which the law would have otherwise implied." We have previously pointed out that, in view of the submission, it was immaterial whether the contract was void and unenforceable. Other criticism of the instruction concerning the amount of recovery or the measure of damages need not be considered, since a new trial was granted on the issue of damages.

Appellant further contends that an instruction for recovery on quantum meruit should have expressed a proper theory of recovery, "in brief, that services have been rendered by plaintiff at the special instance and request of defendant, for which plain-

tiff has not been paid, in which case the law implies a promise to pay, in order to avoid unjust enrichment." We think the instruction required the finding of sufficient facts to authorize recovery under the second count. The finding as to the contract and performance and breach was sufficient to establish that the services were not gratuitously rendered and had not been paid for and, on the facts required to be found, the law implied the obligation to pay the reasonable value of the said services. Muench v. South Side Nat. Bank, supra. While the instruction required a finding of performance by plaintiff "except for any period, if any, when she was prevented from performing by reason of the actions or conduct of either Theresa Nibler or Rose Davidson,". and while there was no evidence of interference by Theresa, who died while the services were being rendered and some two years before Rose, still we do not see how appellant could have been prejudiced by this error. Appellant says there was no evidence whatsoever of any interference by Theresa Nibler, but concedes that on plaintiff's evidence there was "never a rift" until after Theresa's death. Appellant has failed to point to any possible prejudice from this error. The assignment is overruled.

 As to instruction 2. Appellant correctly states that the substance of the first paragraph of this instruction is that if the two aunts communicated by letter "the offer which included the terms mentioned in Instruction No. 1" and if plaintiff accepted same "this would constitute a valid and binding agreement or contract between the parties." Appellant says that he has already pointed out that "such a contract would not be valid and binding because it embodied a provision that plaintiff was not to marry, which was inseparable from the rest of the contract" and which made the contract completely void. Appellant further says that there was no occasion to give this instruction at all, as it only re-emphasizes the fallacies of instruction 1. The specific complaint by appellant is that "this instruction carried these errors forward, restating them and re-emphasizing them." We have previously pointed out that the validity or

invalidity of the contract was immaterial in the present action to recover the reasonable value of the services rendered pursuant to the alleged contract. The court should not therefore have advised the jury with reference to the validity or invalidity of the contract. However, the contract was valid to the extent that it was a valid request for the performance of the services by plaintiff and showed that plaintiff was to be paid for her services, that is, that the services were not gratuitously rendered and the contract laid a valid basis for plaintiff to recover the reasonable value of her services in this action. Such was the purpose in alleging and proving the contract regardless of its validity for other purposes. If the jury found that the contract was made and found performance by plaintiff and a breach by defendant's decedent, the law implied the obligation to pay the reasonable value of the services. Muench v. South Side Nat. Bank, supra. The burden rested upon appellant to show prejudicial error in the giving of the instruction. Error, not prejudice, is claimed. It is difficult to believe that this statement in this instruction as to the validity of the contract misled the jury into believing that recovery was to be based upon the contract, either as referred to in instruction 1 or instruction 2, because the value of the estate was shown to be $55,899.69, while the verdict returned by the jury was as follows: "We, the jury, find the issues for the plaintiff, Laura Nibler, and we assess the value of her services at $11,250.00."

If the jury found that the contract was made and found performance by plaintiff and a breach of defendant's decedent, the law imposed a quasi contractual obligation to pay the reasonable value of the services, in view of this situation the giving of instruction 2 did not constitute reversible error, even if the contract was in fact invalid so that the contract price could not have been recovered. In Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W.2d 333, 338, the Court said: "A true contract is said to be express or implied in fact, and differs from a quasi contract which it is said is no 'contract at all' but which is

commonly called a contract implied in law. There is no difference in legal effect between an express contract and one implied in fact. The distinction lies merely in the manner of manifesting mutual assent."

Appellant further says that the second paragraph gratuitously advises the jury on a question of evidence to the effect it was not necessary for plaintiff to produce copies of the alleged correspondence if the same had been lost or destroyed; and that, "as an abstract statement of law, this is incorrect, *because mere voluntary destruction or spoilation by the claimant is insufficient to permit the introduction of secondary evidence.*" There is no evidence of voluntary destruction or spoilation by the claimant and the instruction is cautionary in nature. Only in the printed argument does appellant suggest that "As a comment on the evidence it was vicious, because it tended to minimize our contentions that the letters had never existed in the form attributed to them by plaintiff's witnesses." There is no specification of error on any such basis under the points and authorities. While instruction 2 is subject to very serious criticism and is not a model to be followed, we do not consider it reversibly erroneous on the specific grounds assigned by appellant.

Appellant finally contends that "the Court erred in permitting plaintiff's counsel, over the objections of defendant, to argue to the jury about the amount inventoried in the estate as a basis for determining the value of plaintiff's alleged services and the amount of her recovery"; that "even after the trial court's order of remittitur, to which plaintiff did not consent, an award of $7,500 was grossly excessive"; and that "there was no factual basis for an award in such an amount, in view of the cancelled salary checks to plaintiff from the time she came to work until the time she left." It will not be necessary to consider these alleged errors since a new trial has been granted on the issue of damages.

Finding no reversible error in the record the order granting a new trial on the issue of the amount of plaintiff's damages only is affirmed and the cause remanded.

All concur except WESTHUES, J., not sitting.

### On Motion for Rehearing.

PER CURIAM.

On motion for rehearing appellant has reargued the issues presented in his original brief and he particularly complains of our holdings (1) that the second count of the petition stated a cause of action in quantum meruit for the recovery of the reasonable value of plaintiff's services; (2) that plaintiff's evidence was sufficient to make a submissible case for the jury; and (3) that the trial court did not err in overruling defendant's motions for a directed verdict. Appellant insists that "both counts of the petition declare upon an express contract that plaintiff was to receive the entire estate." Appellant further says there was no pleading, proof, or submission of the *non-payment* of plaintiff's claim; that there was an omission of an essential element from plaintiff's instruction No. 1, to wit, "the element of non-payment"; that "the breach of an action of quantum meruit is failure to pay plaintiff for the reasonable value of her services"; that "there was no evidence on behalf of plaintiff that she was not so paid"; that the instruction failed to require a "finding that plaintiff had not been paid for her services"; and that "the verdict does not supply the omission of an essential element from the instruction."

We need not here review our holding that the second count of the petition stated a cause of action for the recovery of the reasonable value of plaintiff's services and regardless of the validity or invalidity of the contract under which the services were rendered. In the second count of the petition plaintiff realleged the facts set forth in the first count and added an allegation that the reasonable value of the services rendered pursuant to the contract was $50,000. She further alleged non-payment thereof as follows: "which sum defendant has failed and refused to pay to plaintiff," and she prayed "judgment in the sum of $50,000 for her services as rendered." Defendant's answer

to this count denied the contract and denied "that plaintiff rendered any services other than as an employee in the store of Theresa F. Nibler and Rose M. Davidson, for which services plaintiff was paid in full at the time." Defendant's counsel in the trial, in objecting to certain evidence recognized the difference between the two counts and the theory upon which each was brought, as follows: "The contract alleged in one count, and the ground of action is alleged to be, that she promised to leave all of her property, and whatever that may have been, that is one thing. The second count under which they proceed is for the alleged reasonable value of her services, and that would be another thing which would be unrelated as to whether she held property here in Springfield."

The cause was submitted on the second count. Defendant's instruction No. 4, recognized that plaintiff only sought compensation for her services (not the value of the estate) and defendant joined in that submission as follows: " * * * even though you may find and believe from the evidence that plaintiff rendered valuable services to deceased during her lifetime for which she was not compensated, nevertheless, plaintiff cannot recover *in this action for such services,* if any, unless there was an express agreement between plaintiff and deceased that plaintiff should be paid therefor * * such a contract would only exist if there was a mutual agreement between the parties for services to be rendered and compensation to be paid therefor in addition to any compensation that was actually received * * *." (Italics ours).

 As stated in the opinion, we think that the evidence was sufficient to sustain an inference that plaintiff was not paid the reasonable value of her services, however, it was unnecessary for plaintiff to prove or submit the *non-payment* of her claim for services rendered. Non-payment was not an essential element of plaintiff's cause of action to recover the reasonable value of her services. Although she pleaded non-payment, she did not need to prove it, nor submit it to the jury. Ferguson v. Dalton, 158 Mo. 323, 326, 59 S.W. 88; Adkinson v. McKay, 186 Mo.App. 391, 399, 172 S.W. 83. Proof of non-payment was unnecessary to the establishment of liability, or to prove the indebtedness to plaintiff for the services in question. On the facts shown the law imposed the obligation to pay. Ferguson v. Dalton, supra. And see State ex rel. Spaulding v. Peterson, 142 Mo. 526, 532, 39 S.W. 453, 40 S.W. 1094. Payment was an affirmative defense. Section 509.090 RSMo 1949, V.A.M.S. The burden of pleading and proving payment in this action rested upon the defendant. Pflanz v. Pflanz, 237 Mo.App. 873, 880, 177 S.W.2d 631. It was a matter of defense to be submitted to the jury in defendant's instructions. See Kines v. Jamison, Mo.App., 277 S.W. 969, 972(2. 3).

In the case of Leggett v. Mutual Commerce Casualty Co., Mo.Sup. 250 S.W.2d 995, 998(6), there was both pleading and proof of non-payment and the same appears to have been true in Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974, 978(10). No issue as to the necessity for proof of non-payment was presented in either of those cases and the matter was not for decision therein.

Appellant's motion for rehearing or, in the alternative, to transfer to Court en Banc is overruled.